**130**

412 P.2d 305

STATE of Arizona, Appellee,

v.

Henry YOUNG, Appellant.

1 CA–CR 51.

Court of Appeals of Arizona.

March 23, 1966.

Rehearing Denied April 15, 1966.

Review Denied May 17, 1966.

Darrell F. Smith, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., for appellee.

John M. Levy, Phoenix, for appellant.

STEVENS, Chief Judge.

The defendant was charged with two counts relating to marijuana, one count being for possession and the other count arising out of the same transaction, being for sale. The information contained a statement of prior conviction in relation to a different type of offense and this statement was not urged by the County Attorney. The matter was tried to a jury and the defendant was found guilty of possession with a verdict of not guilty in relation to the count charging a sale. He was adjudged guilty in accordance with the verdict of the jury and sentence was pronounced. He is released on bond pending appeal.

The defendant and his wife testified, the other witnesses being the law enforcement officers and the chemist. There were no motions for directed verdict. At the time of the alleged transaction, the testimony indicates that there were present the defendant, a police officer and a Mr. Gibson. The defendant attempts to urge that the failure to call Gibson as a witness was a material defect in connection with the proof. Gibson was not endorsed on the information, no subpoena appears in the file for him, he was known by the defendant and his residence address as of the date of the claimed offense was known by the defendant. We find no error in the failure of the State to call Mr. Gibson as a witness.

The evidence discloses that the officer was not an accomplice. It is urged that the defendant was entrapped. The defense of entrapment was properly covered by the jury instructions and the jury found an absence of a basis for this defense. It is urged that the two verdicts are inconsistent. There was testimony that the money which was to change hands in connection with the purchase did not leave the hands of the officer and pass to the hands of the defendant and under the instructions,

the jury was certainly justified in finding the defendant not guilty of Count II.

There are no principles of law involved in this appeal which are not adequately covered by the statutes or case law of this State. From a careful examination of the entire record, we find no error.

The judgment and sentence are affirmed.

CAMERON and DONOFRIO, JJ., concur.