**Tommy Herschel CLINGAN and William Monroe Clingan, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24217.**

United States Court of Appeals Fifth Circuit.

Sept. 11, 1968.

John D. Sibley, Okolona, Miss., Orma R. Smith, Jr., Corinth, Miss., for appellants.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge.

Appellants were tried before a jury for possessing, transporting and transferring non-taxed liquor and for carrying on a retail liquor business without paying the special tax. The indictment was founded upon the following statutes: 26 U.S.C. §§ 5604(a) (1), 5691(a) and 18 U.S.C. § 2.

Appellant, Tommy Herschel Clingan, was charged with two counts of possessing, transporting and transferring and with one count of carrying on a retail liquor business without paying the special tax. Appellant, William Monroe Clingan, was charged with the same offenses growing out of the same transactions, except that he was charged with only one count of possessing instead of two counts. The jury returned a verdict of guilty as to both defendants on all counts.

Walter Yow, an agent for the Alcohol and Tobacco Tax Unit of the United

States Treasury Department, was the only witness for the government in its case in chief. Yow testified that on the evening of March 30, 1966, he accompanied M. C. McCarver, a paid government informer, to the residence of appellants for the purpose of purchasing some illegal whiskey from them. Mildred Turner, McCarver's housekeeper, was also with them. The sale was made by the appellants and arrangements were then made for a future purchase. This later purchase on April 6, 1966, involved only Tommy Clingan as seller.

Appellants assign as error the District Court's refusal to allow McCarver and Turner to be called by them as hostile or adverse witnesses so that they could cross-examine and attempt to impeach them. Appellants' attorneys had been advised by the Court at appellants' arraignment that McCarver would be made available to them before they were ever required to go to trial. McCarver and Mildred Turner refused to answer any questions concerning the offense with which appellants were charged when one of appellants' attorneys attempted to interview them on Friday before the trial began on Monday. The Assistant United States Attorney had previously advised them they had a right to remain silent if the testimony or the statements they would make would tend to incriminate them or degrade them. Appellants' attorney offered to return on Saturday to talk with them about the case but both McCarver and Turner again refused to be interviewed and stated that they would not talk about the case until put on the witness stand.

After the government had rested its case on Yow's testimony without calling either McCarver or Turner as witnesses, appellants moved the Court to require these two witnesses to submit to an interview by appellants' attorneys. The Court then allowed appellants 30 minutes for the interview before proceeding with appellants' case. Thereafter, appellants' attorneys moved the Court to allow them to call McCarver and Turner as adverse or hostile witnesses so that

the witnesses could be interrogated by leading questions and impeached if desired. The Court denied this motion and ruled that if McCarver and Turner were called as witnesses they would have to be called as witnesses for the appellants. Under these circumstances appellants' court-appointed attorneys could either call the witnesses to the stand on behalf of appellants and thereby vouch for the credibility of a paid government informer witness and his housekeeper, or choose not to interrogate them at all.

The Court ruling is shown by the following colloquy occasioned when Mr. Smith, one of appellants' attorneys, attempted to call Mildred Turner as an adverse witness:

"MR. SMITH: Your Honor, we would like to call Mildred Turner.

"Your Honor, we would like to call this witness as an adverse witness on the basis that she is a government employee.

"THE COURT: Members of the jury, you will disregard the request made by Mr. Smith in your presence in arriving at your verdict in this case.

"This is a matter that I dealt with out of the presence of the jury, Mr. Smith. I thought I made it clear.

"MR. SMITH: Yes, sir.

"May I proceed, your Honor?

"THE COURT: You may."

The effect of this ruling was shown in jury argument when Mr. Smith, attorney for the appellant, William Monroe Clingan, was attempting to comment on the credibility of McCarver as a witness for the appellants when the government objected:

"MR. JOLLY: We object to him attacking his own witness, your Honor.

"THE COURT: Mr. Smith, I do not think it proper for you to attack the credibility of a witness who was put on the stand by the defendants.

"The objection is sustained."

It is the contention of the appellants that the District Court ruling deprived

them of their right to a fair and impartial trial as there were various questions appellants' attorneys felt were necessary to ask these witnesses by leading questions with the right to impeach them in order to properly defend the case. We agree that to deprive appellants of the right to call these witnesses as adverse witnesses was such prejudicial error as to require a new trial in this case.

■ We do not hold that the government was required to call McCarver and Turner as government witnesses. The government is not required to call all witnesses who are competent to testify, including special agents or informers. Washington v. United States, 275 F.2d 687 (5 Cir. 1960); United States v. Holiday, 319 F.2d 775 (2 Cir. 1963).

■ However, when the government failed to call these witnesses under the circumstances described here, the appellants were entitled to call them as adverse witnesses. Generally, the determination of whether a witness is adverse is discretionary. Neville v. United States, 272 F.2d 414 (5 Cir. 1959), certiorari denied 362 U.S. 924, 80 S.Ct. 678, 4 L.Ed.2d 743; Hendrix v. United States, 327 F.2d 971 (5 Cir. 1964); Holmes v. United States, 56 App.D.C. 183, 11 F.2d 569 (1926). But when a paid government informer or one acting in concert with law enforcement officers refuses to be interviewed by defendant's attorneys concerning the facts and circumstances surrounding the alleged crime and the government informer has previously discussed his testimony with the prosecution, we believe that a sufficient showing of prejudice to appellants' case has been made to permit appellants' attorneys to call these witnesses as adverse witnesses. Adversity need not be established only by the demeanor of the witness on the stand where the witness shows an unwillingness to testify except by an order of the Court. A sufficient showing of adversity is made where the witness' interest is on the side of the prosecution to such an extent that he is

unlikely to give a true account of the transaction. State v. Willis, 241 La. 796, 131 So.2d 792 (1961).

Appellants contend that they were prejudiced by being refused the right to call McCarver as an adverse witness and ask him leading questions about his contingent fee employment. McCarver had assisted in approximately 19 other purchases of untaxed liquor. As an informer he was given a bonus when he was successful in making a purchase. Clearly under the circumstances of this case, McCarver's interest was on the side of the government.

Courts have already recognized that government informers may be hostile witnesses for the defense. See Beasley v. United States, 94 U.S.App.D.C. 406, 218 F.2d 366, certiorari denied 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243, which involved a prosecution for the illegal sale, purchase and concealment of a narcotic. The defense in *Beasley* was permitted to call as a hostile witness an informer who had been with the government agent when the alleged sale was made and who was referred to in the testimony of the agent.

In view of our recent decisions in Harris v. United States, 400 F.2d 264 (5 Cir. Dec. August 1, 1968), and McCarty v. United States, 379 F.2d 285 (5 Cir. 1967), appellants are precluded from raising the defense of entrapment since they denied by their own testimony the overt acts charged against them.

Where an accused denies that he has committed the acts, he cannot say that he was entrapped.

We hold that appellants were denied their right to a fair and impartial trial by reason of the trial court's refusal to allow them to call McCarver and Turner as adverse witnesses under the circumstances disclosed by the record.

The verdicts and judgments of guilty as to both appellants are revoked and set aside and this case is reversed and remanded for a new trial.

Reversed and remanded.