496 P.2d 580

STATE of Arizona, Appellee,

v.

James Lee GUTHRIE, Appellant.

No. 2239.

Supreme Court of Arizona,
In Division.

April 21, 1972.

Rehearing Denied May 23, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Thikoll & Johnston, by Leon Thikoll, Tucson, for appellant.

HOLOHAN, Justice:

Defendant, James Lee Guthrie, was convicted after a trial by jury of the unlawful sale of heroin in violation of A.R.S. 36–1002.02. He was sentenced to a term of not less than five nor more than seven years in the state prison.

On May 7, 1969 in Tucson, the defendant sold a quantity of heroin to John Martinez, an undercover agent of the Tucson Police. Also present at the sale was a 17 year old minor girl, hereinafter referred to as Miss S, and one Diego Jaurigue, a private citizen who was at the time helping the police in return for a favorable disposition of his own pending narcotics case.

Two days before trial, defendant moved for a continuance on the grounds that Miss S was out of town and unavailable. The motion was denied by the court. The motion was renewed on the day of trial and again denied. During the trial, the defense requested that Diego Jaurigue be called as a witness and that the state be required to put him on the stand. When this request was denied the defense moved to have the court call Jaurigue as the court's witness and after this motion was denied, the defense moved to call Jaurigue as an adverse witness. The trial court denied this motion and the defense called Jaurigue as its own witness.

After the verdict, but before sentencing, defendant moved for a new trial on the grounds of newly discovered evidence and presented a written statement made by Miss S who had returned to Tucson. The statement failed to meet the requirements of an affidavit, so the trial court ordered the witness to appear for the purpose of securing her testimony under oath before the court ruled on the motion. Miss S appeared at the hearing on the motion with assistance of her own counsel, and refused to answer any questions relating to her involvement with the defendant, invoking her right against self-incrimination. The trial court thereupon denied the motion for new trial and sentenced the defendant.

Defendant on appeal argues that the trial court committed error in denying his motions regarding the witness Jaurigue; in denying defense motions for a continuance; and in failing to grant a new trial based on the "new evidence" presented.

Taking the question of the witness Jaurigue, the motion of defense to order the state to call Jaurigue as its witness was clearly not proper. It has been held many times, in many jurisdictions, that the state is not required to call all of its competent witnesses. See State v. Mace, 86 Ariz. 85, 340 P.2d 994 (1959); Halderman v. Territory, 7 Ariz. 120, 60 P. 876 (1900); Gallego v. United States, 276 F.2d 914 (9th Cir. 1960); State v. Young, 3 Ariz.App. 130, 412 P.2d 305 (1966). The ruling of the trial court in refusing the request was clearly correct.

The second motion sought to have the trial court call Jaurigue as the court's own witness. There is no question but that the court in the interests of justice has the power to call its own witnesses. Steinberg v. United States, 162 F.2d 120 (5th Cir. 1947). See also Udall, Arizona Law on

Evidence, § 3, page 6. But in denying the motion in this case, the trial judge stated the reasons for declining to exercise that discretionary power in this case by pointing out that the calling of the witness by the court might create the impression that the court doubted the other witnesses, and the witness called by the court was somehow special.

 Thus, in order not to leave the impression that the court was dissatisfied with the prosecution's case and to avoid placing special emphasis on one witness, the trial court denied the motion. It was within the discretion of the court to so rule, and there was no abuse of that discretion. See Steinberg v. United States, supra; Kissic v. State of Alabama, 266 Ala. 71, 94 So.2d 202, 67 A.L.R.2d 530 (1957).

 The defense next asked to call Jaurigue as an adverse witness. The defense relied heavily upon Clingan v. United States, 400 F.2d 849 (5th Cir. 1968), which held it was error for the court to refuse to allow a government informer to be called as a hostile witness by the defense when "one acting in concert with law enforcement officers refuses to be interviewed by defendant's attorneys concerning the facts and circumstances surrounding the alleged crime and the government informer has previously discussed his testimony with the prosecution." 400 F.2d at 851.

The court properly distinguished *Clingan* when it denied the motion and stated (RT 111):

"THE COURT: I am going to deny your motion, Mr. Thikoll. I will say that if this man at any time in your questioning appears to be evading your questions —I am not going to say I will not let you lead him a little—but I will not let you start calling him as an adverse witness. It may work into that. I don't think you follow the case [*Clingan*] where you state to me that you have talked to him, he has discussed the case with you, and from what you say apparently he has been very open with you."

Counsel for the defense was advised that the court would follow a lenient policy on the matter of impeachment of his own witness since the witness in question could be considered more in the nature of a witness for the state.

The following excerpt from the transcript convinces us that the court was extremely lenient in allowing, over objections of the prosecuting attorney, testimony which tended to impeach Jaurigue's credibility and to bring out matters favorable to the defense.

(RT 125–126)

"Q [Defense Attorney] * * * On that date, May 7, 1969, were you working for the Tucson Police Department as a full time employee?

"A [Jaurigue] No.

"Q Did you get any money for what you did that particular night?

"A No.

"Q Have you been made any promises for what you might obtain—strike that. Why were you there that night with John Martinez?

"MR. WEISS: I believe the question is the same. I believe Mr. Thikoll is attempting to impeach his own witness and there has been no showing that the witness is hostile and no showing of surprise.

"THE COURT: Overruled.

"Q Why were you there that night with John Martinez?

"A I had been arrested for the sale of marijuana and I talked to Detective Wolff and my lawyer. They told me if I helped, they would help me.

"Q Were you there that night with John Martinez trying to help your own case?

"A Yes.

"Q As a result of what you did that evening, was your case reduced?

"A Yes.

"Q Did you ever go to jail on your case after that?

"THE COURT: I will sustain the objection from here on."

While the trial court denied the defense motion to call the witness Jaurigue as an adverse witness, the defense was able to present the matters favorable to its case through that witness.

What is important, no matter which way it is done, is whether the defendant was given the opportunity to fully present his case. The wide range of questioning granted to the defendant and the defendant's failure to renew his motion as the court directed him to in the event the witness became uncooperative convinces us that there was no prejudice to the defense. See State v. Narten, 99 Ariz. 116, 407 P.2d 81 (1965).

■■ On August 11, 1970, 2 days before trial, defendant moved for a continuance on the grounds that a material witness was absent, and the motion was denied. Pursuant to Rule 241, Rules of Criminal Procedure, 17 A.R.S., good cause must be shown, and the granting of this motion is within the discretion of the trial court.

The defendant, however, failed to comply with Rule 243, Rules of Criminal Procedure, in not filing with his motion a "certificate of good faith" and his failure to comply with Rule 244 in not setting forth the facts expected to be proved by the witness, the name and residence of the witness, the facts showing due diligence to obtain the witness' presence and facts showing defendant expects to be able to procure the attendance of the witness at a specified time as required by that Rule. See State v. Saiz, 3 Ariz.App. 223, 413 P.2d 282 (1966).

■ It should also be noted that the trial originally set for May 12th had once before been continued on stipulated agreement and reset for August. The second motion for continuance made the day of trial was also denied. Under the circumstances presented there was no abuse of discretion in not granting the continuance.

■ Lastly, defendant contends the denial of his motion for a new trial based upon new evidence was an abuse of discre-

tion. Following the verdict but before sentencing, defendant's counsel obtained an unsworn written statement from Miss S. We agree with the trial court that it did not meet the requirements of an affidavit; hence, the ordering of a hearing was proper. Rule 312, Rules of Criminal Procedure.

A hearing was held on the motion for new trial, and Miss S was called to testify. She appeared with her own counsel, and she thereafter invoked her privilege against self-incrimination and refused to answer any question on the subject involved in her former statement.

■ A motion for new trial by its very nature is one which is not favorably looked upon, and generally the trial court is very cautious in granting it. State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (1967). The court must be satisfied by the affidavits or testimony that the evidence to be presented at the new trial is not only new material, and gotten with due diligence but that such evidence will probably cause a different result. State v. Davis, 104 Ariz. 142, 449 P.2d 607 (1969).

Thus the trial court on a motion for new trial is charged with the duty of weighing evidence. State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962). The trial court was faced with the fact that at the hearing the witness claimed her Fifth Amendment right and would obviously do the same at trial, and her statement in a new trial would not be admissible. In addition, the statement implicated the defendant in the case and showed that he was present when Miss S was allegedly given the heroin for keeping, and thereafter Miss S and the defendant were together at all times until the sale took place, although her version of the events at the sale differed from the state's. The showing made by the defense was not sufficient to justify the granting of a new trial. State v. Davis, supra, State v. Turner, supra; State v. Peters, 60 Ariz. 102, 131 P.2d 814 (1942); and see People v. Gompertz, 103 Cal.App.2d 153, 229 P.2d 105 (1951), on very similar facts.

**284**

The decision of the trial court in denying the motion for new trial in this case was clearly correct.

The judgment and sentence of the Superior Court in this cause are affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.