505 P.2d 241

The STATE of Arizona, Appellee,

v.

James William JOHNSON and Maynard B. Hardison, Appellants.

No. 2459.

Supreme Court of Arizona, In Banc.

Jan. 19, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Former Pima County Public Defender, Ed P. Bolding, Pima County Public Defender, by Peter D. Axelrod, Deputy Public Defender, Tucson, for appellants.

HAYS, Chief Justice.

The defendants, James William Johnson and Maynard S. Hardison, were tried jointly, and convicted of rape, and kidnapping for rape. Each was sentenced to not less than twenty nor more than twenty-one years on the rape charge. On the kidnapping charge, imposition of sentence was suspended and each was given probation, to run concurrently with the sentence for rape. Both have appealed, and their joint brief raises only one question; namely, whether the answers to certain questions asked by Officer Ernest Johnson were improperly admitted when it was conceded that the interrogation took place before any Miranda warnings were given.

A boy and a girl in their early twenties were hitchhiking to California. In New Mexico, they were picked up by the defendants. At first the defendants acted normally, but by the time the car had entered Pima County, Arizona, Hardison had made comments evidencing an intention to have sexual intercourse with the girl. When neither she nor her male companion would entertain the idea, Hardison told them that they had guns, and he would shoot one or both if his desires were thwarted. Accordingly, the boy was forced out of the car and told to walk 50 yards down the road. The girl was then raped twice by Hardison and once by Johnson. The car then continued on its way without the boy until it stopped north of Phoenix, in El Mirage. There, the girl pretended illness, and defendants went into a market to get her a soft drink and buy some cigarettes. At this point, the girl saw Highway Patrol Officer McCollum directing traffic around some construction work. She ran to him and told him her story. He called his superior officer, Lt. Ernest Johnson, who was standing nearby. They described her as pale, shaking like a leaf and very excit-

·ed. After hearing her story, both officers accompanied the girl to the car, by which time defendants had come out of the store and were sitting in the front seat. The officers told defendants to get out of the car and frisked them.

On the stand, defendant Johnson denied that he had had intercourse with the girl and swore that he had not seen Hardison have intercourse with her. Miranda warnings were not given until sheriff's deputies took defendants away.

When the defense rested, the prosecution recalled Officer Johnson in rebuttal to impeach defendant Johnson. Officer Johnson, after a voluntariness hearing in chambers and an appropriate finding by the court, was allowed to testify that defendant Johnson told him, prior to the sheriff's arrival, that he had had intercourse with the girl once. He further testified that no force was used on defendant Johnson nor was any necessary, and that the statement was voluntarily made by the defendant.

We hold that the trial court's finding that the statements of defendant Johnson were voluntary, is fully justified by the evidence. We further hold that the position of the State is fully supported by Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Chief Justice Burger, speaking for the majority in that case, said:

> "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, that petitioner's credibility was appropriately impeached by use of his earlier conflicting statements." 91 S.Ct. at 646.

The judgment and sentence are affirmed as to each defendant.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.