**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lee Bradford SMITH, Defendant-
Appellant.**

**No. 26791.**

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1969.

Rehearing Denied June 6, 1969.

Edwin M. Sigel, David H. Berg, Houston, Tex., for defendant-appellant.

Morton L. Susman, U. S. Atty., James R. Gough, Carl Walker, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

PER CURIAM:

This is an appeal from the judgment and commitment order of the District Court which adjudged the defendant Lee Bradford Smith, pursuant to a jury verdict, guilty of selling narcotic drugs without receiving from the purchaser a written order in violation of Title 26, U.S. Code, Sec. 4705(a), and sentenced him to ten years' imprisonment.

The issue presented by this appeal is whether the defense of entrapment was properly raised so as to allow the introduction of evidence by the prosecution of appellant's reputation, including his participation in drug crimes prior to his arrest.

The indictment against the appellant resulted from a transaction proposed by a Government informant, Anderwald, to narcotics agents, and for which Anderwald was paid by the Government. Anderwald, a narcotics user, approached the appellant in Galveston, Texas on June 6, 1967 and told appellant that he wanted to obtain a quantity of heroin. Appellant agreed to secure the narcotic and Anderwald gave him $35.00 in Government funds for the purchase, the serial numbers of which had been recorded by the Government agents. Appellant obtained the heroin and returned to the original meeting point to make delivery to Anderwald. Three narcotics agents observed at a distance the contact by Anderwald and the subsequent delivery by appellant.

Counsel was appointed to represent appellant in the case. The appellant denied committing the crime, defending on the ground that he was not a seller in the transaction but an agent for the purchaser who was his friend of several years. The facts relating to Anderwald's participation were brought out through the testimony of a Government agent and of informant Anderwald. In counsel's cross-examination of Anderwald she sought to elicit from him that the appellant was purchasing for him rather than selling to him. The prosecutor interrupted his redirect examination of Anderwald to suggest to the court (out of hearing of the jury) that entrapment had been raised by the evidence indicating that appellant was obtaining heroin for a friend. Defense counsel agreed that the defense of entrapment had been raised.[1] The prosecutor was then permitted, over objection of defense counsel, to introduce evidence that the appellant was a user and pusher of narcotics.

Appellant now considers that trial counsel[2] erred in agreeing that the defense of entrapment had been raised, and urges that the trial judge committed reversible error by permitting the introduction of evidence of appellant's reputation when the defense of entrapment had not been properly raised. He argues that the defense of entrapment was not available to him inasmuch as one may not deny having committed a crime and then urge that he was entrapped into committing a crime because the two defenses are inconsistent. He relies on

1. Defense counsel requested that the jury be instructed on entrapment and an entrapment charge was given.

2. On motion of trial counsel, after the appeal was taken, to the effect that differences had developed between her and the appellant which could not be resolved, she was allowed to withdraw and other counsel was appointed.

Sears v. United States, 343 F.2d 139 (5th Cir. 1965) and Henderson v. United States, 237 F.2d 169 (5th Cir. 1956).

These two cases do not represent an absolute rule to the effect urged by appellant. These cases recognize that normally the defense of entrapment is unavailable when the defendant denies the commission of the acts charged because of the inconsistency of the two defenses.[3] In *Henderson* the Court held that the defense of entrapment was available where a defendant denied that he was a party to, or knew of, the conspiracy with which he was charged, but admitted commission of one of the alleged overt acts. In *Sears* the Court recognized that when substantial evidence of entrapment appears in the prosecution's case in chief, a departure from the normal case is presented and the defense of entrapment is available to a defendant who has plead not guilty. We cannot agree with appellant, however, that the Court in *Sears* intended to limit the exceptions to the normal case to that situation. The Court in *Sears* expressly recognized that in *Henderson* it had held other circumstances to present an exception to the normal case.

■ By the defense in the instant case the appellant was in effect saying that, although he participated in the transaction, his role was that of buyer's agent, but whatever his role was he performed it as a result of entrapment. Under these circumstances the defenses of not guilty and entrapment are not so inconsistent that entrapment clearly would not be available, and the circumstances here could reasonably have been considered by the trial judge as a departure from the normal situation where the two defenses would be wholly inconsistent. Furthermore, Anderwald's role in initiating the transaction as a paid informer, his admitted addiction and his admitted unsavory background as an informer might well have impressed the

jury that he had provided appellant with the "active inducement" referred to in the *Sears* case.

■■ Moreover, the decision of trial counsel to assert the defense of entrapment under the circumstances of this case was not so completely improvident that the court would feel compelled to hold that the appellant would not be bound by it. See Firo v. United States, 340 F.2d 597 (5th Cir. 1965). Nor was the suggestion by the prosecutor that entrapment had been raised improper conduct resulting in unfair advantage being taken of the defendant under the decision in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

Affirmed.

---

3. McCarty v. United States, 379 F.2d 285 (1967), cert. den. 389 U.S. 929, 88 S.Ct. 291, 19 L.Ed.2d 281, cited by counsel for appellant during oral argument simply recognizes this general rule.