UNITED STATES of America,
Plaintiff-Appellee,

v.

Angel PRIETO–OLIVAS, Defendant-
Appellant.

No. 27422
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1969.

Gus Rallis, El Paso, Tex. (Ct. Apptd.), for appellant.

Segal V. Wheatley, U. S. Atty., R. Caballero, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

 Appellant, Angel Prieto-Olivas, a resident and citizen of Mexico, was indicted in June, 1964, for importing and transporting after importation, 12½ grams of heroin. Appellant's only de-

fense was entrapment. After a trial in January 1969 the jury to which the issue of entrapment was submitted found appellant guilty on both counts of the indictment. Appellant was sentenced to concurrent sentences of five years. We affirm.[1]

The appellant raises two specifications of error: (1) the district court erred in not ruling that appellant was entrapped as a matter of law; (2) it was reversible error for the government not to produce its informer as a witness.

Information concerning the appellant was given to Customs Agents by one Carlos Arriola, an informer. Customs Agent Kessler testified that in the latter part of May 1964 Arriola was first introduced to Kessler by another informer.

On June 8, 1964, after some preliminary bargaining between appellant and undercover agents, Arriola introduced appellant to undercover agent Hirsch at the El Paso train depot. Hirsch testified that only he and the appellant conversed about the poor quality of the sample of heroin appellant had previously supplied. Appellant then asked what amount Hirsch could handle. After some bargaining they agreed upon a price of $20 per gram. Appellant stated that his friend Ruben Ortiz, a known narcotics dealer in Juarez, could furnish up to 75 grams. Appellant told Hirsch that appellant would have to meet Ortiz in Chihuahua, Mexico. Appellant left a phone number and told Hirsch to call him the next day, June 9, 1964.

Hirsch called appellant on the 10th of June at which time appellant said he had 82 grams of heroin and told him to call back. On the 12th of June Hirsch again called.

On the 13th of June, Hirsch and other agents rented hotel rooms at an El Paso, Texas motel. On that evening Hirsch telephoned appellant and appellant told Hirsch that he had only 12½ grams. Hirsch agreed to buy and appellant arrived at the motel thirty to forty minutes later. After a test which proved positive, Hirsch and other agents arrested appellant.

Appellant testified that he and Arriola, the informer, were childhood friends. Appellant stated that at the time of the arrest Arriola was unemployed but at the time of trial was employed as a judicial policeman in Juarez, Mexico.

Appellant stated that during a six month period prior to his arrest, Arriola had attempted on several occasions to interest appellant in the heroin "business." Appellant stated that he refused each time. According to appellant it was only after Ortiz offered to pay for a car with heroin that appellant recalled Arriola's offer. Appellant told Ortiz that he had a customer in El Paso, Texas. Appellant then contacted Arriola who informed the Customs Agents.

■■ The defense of entrapment requires that an accused admit the crime as charged. United States v. Smith, 407 F.2d 202 (5th Cir. 1969). The issues presented by the defense of entrapment are factual rather than legal and therefore are submitted to the jury. Coronado v. United States, 266 F.2d 719 (5th Cir. 1959), cert. denied 361 U.S. 851, 80 S.Ct. 112, 4 L.Ed.2d 90; Velez v. United States, 397 F.2d 788 (5th Cir. 1968), cert. denied 393 U.S. 1096, 89 S.Ct. 885, 21 L.Ed.2d 787.

■■ In raising the defense of entrapment the burden of proof is on the accused to prove that the crime was born in the minds of the government agents. In Kivette v. United States, 230 F.2d 749, 754 (5th Cir. 1956), cert. denied, 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

418, this Court adopted the tests applied by the Second Circuit:

"The question of entrapment frequently arises in prosecutions for illegal sales, such as of narcotics or nontaxpaid whiskey. It is, of course, irrelevant in these cases that government undercover agents or informers present themselves to sellers of illicit products in disguise, as long as the disguise itself does not have the effect of motivating an otherwise innocent person to commit crime. The question whether a defendant was lured by the agent into crime or was merely afforded an apparently safe opportunity to commit it is one of fact for the jury to decide. As analyzed by Judge Learned Hand:

'Therefore in such cases two questions of fact arise: (1) did the agent induce the accused to commit the offence charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offence. On the first question the accused has the burden; on the second the prosecution has it.' United States v. Sherman, 2 Cir., 200 F.2d 880, 882–883.' "

In bearing its burden of proof the government need not show that it had knowledge of prior dealings by the accused. Evidence of a "ready complaisance" or willingness to deal is sufficient. Kivette v. United States, supra.

■ In the present case there was ample evidence, which the jury apparently believed, to sustain the government's burden of proof. Appellant readily discussed prices and weights and offered to deliver. See Cazares-Ramirez v. United States, 406 F.2d 228 (5th Cir. 1969); Goss v. United States, 376 F.2d 812 (5th Cir. 1967); Suarez v. United States, 309 F.2d 709 (5th Cir. 1962); Washington v. United States, 275 F.2d 687 (5th Cir. 1960). Moreover, it was appellant who, in this particular instance contacted the informer, at the first "apparently safe opportunity." See Kivette v. United States, supra.

■ Even if we were to hold that the appellant was persuaded or induced to commit the crime, the appellant has failed in his burden of proving that the government was a party to such inducement. Kivette v. United States, supra. An accused cannot be entrapped by a private citizen. Pearson v. United States, 378 F.2d 555 (5th Cir. 1967). The record is devoid of any evidence that the informer, Arriola, was used as an informer or was known to Customs Agents prior to his introduction to Agent Kessler in May 1964.

■ Appellant's second allegation of error is that the government was under a duty to produce its informer, Arriola, and that its failure to do so denied appellant due process.

Appellant made no pretrial motion to produce the informer and made no mention of this point until this appeal. Moreover, it appears that the informer resides in and is a citizen of Mexico beyond subpoena. The record also shows that this is not a case in which either the identity or the whereabouts of the informer were unknown to the appellant.

■ The government is under no duty to call witnesses even if they are paid informers or agents. Clingan v. United States, 400 F.2d 849 (5th Cir. 1968); Washington v. United States, supra. This is especially true in situations such as the present case where the informer's testimony is not essential to the government's case and where the appellant-defendant failed to request that he be called. See Jennings v. United States, 391 F.2d 512 (5th Cir. 1968), cert. denied 393 U.S. 868, 89 S. Ct. 154, 21 L.Ed.2d 136.

The judgment and sentence entered below are

Affirmed.