Jerry M. BROWN, Plaintiff-Appellant,

v.

COATING SPECIALISTS, INC.,
Defendant-Appellee.

No. 72-1217
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1972.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2 409.

Edward L. Ardoyno, John R. Flowers, Jr., New Orleans, La., for plaintiff-appellant.

Donald V. Organ, New Orleans, La., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant allegedly suffered an injury to his neck while sandblasting on an offshore drilling structure; he was a member of the crew of the M/V Forward, a vessel owned by appellee. In answer to special interrogatories the jury found that appellant was not injured while employed by appellee. Appellant asserts that the trial court erred in allowing defense counsel to impeach the credibility of his only eye witness to the accident with questions regarding the witness's prior misconduct which did not lead to conviction. We reverse and remand because the credibility of a witness may not be impeached by showing specific acts of misconduct not resulting in a conviction. *See* United States v. Dalton, 465 F.2d 32 (5th Cir., 1972);

United States v. Davenport, 449 F.2d 696 (5th Cir., 1971); Hudson v. United States, 387 F.2d 331 (5th Cir., 1967); United States v. Hoffa, 349 F.2d 20 (6th Cir., 1965), aff'd 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); Tafoya v. United States, 386 F.2d 537 (10th Cir., 1967); Ramirez v. United States, 294 F.2d 277 (9th Cir., 1961).

 In this circuit a witness's credibility may be impeached by evidence of a felony conviction or of a conviction for a misdemeanor involving moral turpitude.[1] Peel v. United States, 410 F.2d 1141 (5th Cir., 1969); Myers v. United States, 377 F.2d 412 (5th Cir., 1967); Hudson v. United States, *supra*. The force of this rule is illustrated by the recent decision in Jenkins v. General Motors Corp., 446 F.2d 377, 381 (5th Cir., 1971). In *Jenkins* the court upheld the trial court's ruling that a witness who was under indictment for perjury could not be impeached by evidence of the pending indictment. It is clear then that defense counsel in the instant case should not have been permitted to inquire into previous activities of appellant's witness because these activities did not lead to convictions.

 Our inquiry does not end at this point however. The question remains whether the error regarding the proper scope of cross-examination was prejudicial to the substantial rights of the appellant. F.R.Civ.P. 61.

Jules Kimbell was appellant's only witness to the alleged accident. His credibility was therefore of crucial importance. He readily admitted on cross-examination that he had previously

---

[1]. The circuits are not uniform in their treatment of this matter. Professor Wright states:

"There is an astonishing variety of views among the federal courts, as among American courts generally, on the impeachment of a witness by inquiry about prior criminal convictions. . . Support can be found in federal cases for each of the following positions: a witness may be impeached by inquiry about any conviction of crime, whether felony or misdemeanor; felonies may be shown but misdemeanors may not; only crimes involving moral turpitude may be shown; any felony may be shown but misdemeanors only if they involve moral turpitude; felonies and misdemeanors amounting to crimen falsi; or that only crimes resting on dishonest conduct may be shown."

3 C. Wright, Federal Practice and Procedure § 416, at 187–89 (1969)

been convicted of at least two felonies.[2] It is apparent from the record, however, that defense counsel and the trial judge felt that the primary flaw in his credibility flowed from his activities which did not lead to convictions.[3] If only for this reason, we cannot say that evidence of the convictions, standing alone, was sufficient to discredit Mr. Kimbell in the eyes of the jury.

■ Referring to Federal Jury Practice and Instructions by Mathes and Devitt, 1965, Sec. 72.07, page 400, we find that a witness may be discredited or impeached by

(1) contradictory evidence;

(2) evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony;

(3) evidence that the witness has been convicted of a felony; or

(4) evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

The impeachment permitted by the court below does not come within any of these approved methods. We are firm in our opinion that a witness may not be impeached by evidence of a pending indictment, *Jenkins, supra.* There was no attempt made to impeach the witness by showing a bad general reputation for truth and veracity. We conclude that it was error to allow counsel on cross-examination to question the witness on those matters extraneous to the matters in litigation and his direct testimony.

There remains an additional consideration. The jury was submitted thirteen special interrogatories, and the first one reads as follows:

1. Do you find from a preponderance of the evidence that Jerry Brown was injured on April 24, 1970, while employed by Coating Specialists, Inc. in the service of the M/V FORWARD? Answer: "Yes" or "No"

ANSWER No

If you have answered the foregoing Question No. 1 "Yes," then answer the following questions, or such of them as may be necessary, according to specific explanations in connection with said questions. If you answered Question No. 1 "No," then DO NOT answer any of the other questions.

The jury answered this question in the negative. Thus, appellant's case turned to a substantial degree on the credibility given to Mr. Kimbell's testimony regarding the alleged accident. Again, we cannot say with any certainty that if cross-examination of Mr. Kimbell had been properly limited in scope the jury would

---

2. The record is not clear concerning the exact number of felony convictions. This is due in part to the manner in which the questions were asked. Questions concerning prior convictions should be limited to the nature of the crime charged, the number of previous convictions, and the date and time of each conviction. United States v. Bray, 445 F.2d 178 (5th Cir., 1971).

3. The district court stated the following with reference to the testimony of Mr. Kimbell:

"* * * The Court has been made aware of the general nature of the bad character or alleged bad character of Mr. Jules Kimbell, other than criminal convictions for felony about which there appears to be no dispute. * * *

"In this connection, the court has seen the record of this witness. It is a remarkable record. The Court would have to characterize it as a classic record of a con-man and I do think under these circumstances that the jury should be entitled to hear evidence of misconduct, which is relevant to the dispute, such as false swearing, fraud and swindling. In this connection to the extent that he went up to St. Louis and represented he was a millionaire and tried to buy St. Louis Hawks, all of which was fabricated, I think the false representations he made to Darwin Fenner are admissible. I think the fact he is under indictment for mail fraud is admissible, because of the fact it relates to fraud, swindling and false swearing."

have answered the first interrogatory in the same manner. It is therefore necessary that appellant be given another trial.

The judgment of the district court is reversed and remanded.