**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Curtis TATUM, a/k/a Lonnie, Defendant-Appellant.**

**No. 73–3614**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 12, 1974.

---

6. 18 U.S.C.A. § 1955(b)(1)(i) (Supp.1974).

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York at al., 5 Cir. 1970, 431 F.2d 409.

H. Gilman Hudnall, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., John M. Turner, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Defendant Curtis Tatum was tried before a jury and was convicted on all counts of a four-count indictment. Three counts alleged separate incidents of unlawful heroin distribution, in violation of 21 U.S.C. § 841(a)(1), and the fourth count alleged unlawful possession of heroin, in violation of 21 U.S.C. § 844(a). We affirm.

Two of the counts charging unlawful distribution involved transactions in which informers participated along with Government agents. The other two counts did not. During the trial, de-

fendant requested the identities of the informers and was told by the Government that the identities of the informers would be made known. Shortly thereafter during the trial, defendant requested that the informers appear as witnesses. The Government provided defendant with the names of the informers and their last known locations, but was unable to give their present locations because the Government had lost contact with them. However, after defendant was unable to produce authority demonstrating a duty of the Government to produce informers as witnesses in addition to disclosing their identities, the court denied defendant's motion for production and proceeded with the trial. Prior to the court's ruling on the issue, defendant did not request a continuance in order to attempt to locate either of the informers.

 On appeal, defendant contends that the Government was under a duty to produce the informers as witnesses, that the trial court erred in not granting a continuance during which defendant could attempt to locate and subpoena the informers, and that the Government's failure to produce the informers constituted a denial of his Sixth Amendment right to confront the witnesses against him. We are not persuaded. The Government is under no duty to call witnesses even if they are informers. United States v. Prieto-Olivas, 5 Cir., 1969, 419 F.2d 149, 151; Clingan v. United States, 5 Cir., 1968, 400 F.2d 849, 851; Washington v. United States, 5 Cir., 1960, 275 F.2d 687, 690; Wilson v. United States, 9 Cir., 1969, 409 F.2d 184, 187, cert. denied, 395 U.S. 983, 89 S.Ct. 2146, 23 L.Ed.2d 771; United States v. Cimino, 2 Cir., 1963, 321 F.2d 509, cert. denied, 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). This is particularly true in the case before us because a careful review of the record reveals that testimony by the informers was not essential to the Government's case. *See* United States v. Prieto-Olivas, *supra.* The direct participation of the Government agents in the drug transactions rendered unnecessary the presence of the informers as witnesses at the trial. We also reject defendant's argument that the trial court erred in not granting a continuance, for, as we have noted, no motion for a continuance was made. We can find no basis, moreover, for defendant's Sixth Amendment claim. The Government had provided defendant with the names and last known locations of the informers. The Government was under no duty to do any more; and no continuance was sought by defendant so that he might find the informers. In addition, the Government agents testified only as to what they observed of the circumstances of the criminal transactions and the informers' roles therein; the agents related no statements by the informers that might have been hearsay testimony. *See* Wilson v. United States, *supra.*

██ Defendant also contends that his motion for judgment of acquittal as to the first two counts should have been granted.[1] Two arguments are presented. First, it is claimed that the motion should have been granted because the district court failed to strike the testimony by a Government agent as to a drug transaction not charged in the indictment. This testimony, however, was relevant to a determination of defendant's intent to distribute a narcotic drug, as well as to an explanation of the arrangement of the drug transactions for which defendant was indicted. *See* United States v. Bryant, 5 Cir., 1974, 490 F.2d 1372, 1377; Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 682–688, cert. denied, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550. At any rate, no objection to the admission of the testi-

---

1. In the trial court, defendant termed his motion a motion for a directed verdict. Motions for directed verdicts have been abolished since promulgation of the Federal Rules of Criminal Procedure on March 21, 1946. See Fed.R.Crim.P. 29(a). Defendant's motion is, therefore, treated as a motion for judgment of acquittal. *See* United States v. Pyle, 9 Cir., 1970, 424 F.2d 1013, 1014–1015 and n. 1.

mony was made at the trial, and the objection was thus never before the trial court as a ground for granting the motion for judgment of acquittal. Defendant's second point with respect to the trial court's denial of his motion for judgment of acquittal is that there was insufficient evidence for the case to go to the jury. We disagree. There was more than enough such evidence. *See* United States v. Kohlmann, 5 Cir., 1974, 491 F.2d 1250, 1253; United States v. Ducker, 5 Cir., 1974, 491 F.2d 1190, 1192.

We have considered all of defendant's contentions and find them to be without merit.

Affirmed.