**Charles Leonard TRUMAN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

No. 74–4239
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

June 5, 1975.

Rehearing Denied June 25, 1975.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jerome M. Rosenblum, Hollywood, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Miami, Fla., Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant was convicted in a Florida state court of second degree murder for the stabbing death of his ex-wife. He appeals from the district court's denial of a writ of habeas corpus. We affirm.

At issue here is appellant's contention that his federal constitutional rights were violated by the state trial court's limitation on defense cross-examination and its refusal to allow the defense to call a witness out of time. Angelo Flex, a friend and husband-to-be of the deceased, was the chief prosecution witness. Flex testified that appellant accosted Flex and Mrs. Truman, threatened Flex with a knife and briefly chased him, and then returned to his ex-wife and stabbed her. A number of witnesses to this event testified that they saw Flex being chased by another man, and later observed Mrs. Truman slump to the ground after she was hit or stabbed in the stomach by the man. While Flex was the witness who positively identified appellant as the assailant, Flex's account of the incident was corroborated in all essential respects by other witnesses.

After Flex testified at trial that appellant had threatened him and stabbed Mrs. Truman, Flex was asked on cross-examination if he had carried a knife the day of the stabbing. Flex answered that he had not. Flex was then asked if he had threatened one Jack Simcina with a knife several hours before Mrs. Truman was stabbed. The State objected, claiming the question was irrelevant, and the court sustained the objection. Later, defense counsel attempted to call Jack Simcina out of order, during the prosecution's case in chief. Defense counsel represented that Simcina would testify that earlier in the day on which Mrs. Truman was killed, Flex had threatened Simcina with a knife. This proffer was explained by defense counsel as follows: "It is relevant if this man [Flex] was in the position to have stabbed this woman, and it is relevant as to what he did just prior thereto." Tr. 131. This was the first intimation by the defense that it was suggesting that Flex might have committed the crime. The trial court responded:

I would suggest, then, if you can establish by some means in this trial, that you do so on your proper side of the case and after it has been determined from all the rest of the witnesses whether there is any possibility that it could have been the other fellow.

To defense counsel's argument that Simcina's testimony was relevant, the court replied, "It is not relevant, so far." Tr. 131. Defense counsel did not subsequently attempt to call Simcina. It is claimed that due process was twice violated, the first time by not permitting the attempted cross-examination of Flex, the second by not allowing the defense to call Simcina as requested.

"The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). Limiting the scope of cross-examination in a manner which "keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" constitutes error, Gordon v. United States, 344 U.S. 414, 423, 73 S.Ct. 369, 375, 97 L.Ed. 447 (1953),

especially where the cross-examination is directed at the key prosecution witness. *See Id.* at 417, 73 S.Ct. at 372. Moreover, due process is violated when a defendant is "effectively prevented from exploring" his accusations that another person committed the crime for which the defendant stands accused. Chambers v. Mississippi, *supra,* 410 U.S. at 297, 93 S.Ct. at 1047. However, under the facts and circumstances of this case, it is clear the trial court's actions did not violate constitutional standards, and there is no basis for finding that appellant was denied a fair trial in the state court.

◼◼◼ *The Limited Cross-Examination.* When defense counsel attempted to cross-examine Flex regarding the alleged assault on Simcina, the intention was to impeach Flex's credibility.[1] The assumption that the alleged assault was a proper means of challenging Flex's credibility is incorrect, since it is firmly established in this circuit that a witness may not be impeached by inquiry into specific acts of misconduct not resulting in a conviction. *See, e. g.,* United States v. Davenport, 5 Cir., 1971, 449 F.2d 696, 699–700 and cases cited; Brown v. Coating Specialists, Inc., 5 Cir., 1972, 465 F.2d 340, 341 and cases cited; Roberson v. United States, 5 Cir., 1957, 249 F.2d 737, 742, cert. denied, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958). Florida law also prohibits impeachment by reference to acts of misconduct. *See, e. g.,* Andrews v. State, 172 So.2d 505, 507 (1 Fla. DCA 1965); Urga v. State, 155 So.2d 719, 724 (2 Fla. DCA 1963); Lockwood v. State, 107 So.2d 770, 772 (2 Fla. DCA

1958). Therefore, the trial court was correct in foreclosing this aspect of cross-examination.

◼◼◼ *The Refusal to Call Simcina.* Appellant contends that the trial court's ruling in regard to the attempt to call Simcina out of order denied him "the right to offer the testimony of witnesses in his favor. The ruling by the Florida State Judge barred [appellant] from bringing exculpatory testimony before the jury." Appellant's Brief pp. 20–21. However, the trial court did not say "No" to this testimony but, rather, "Not now." The court did not prevent, but simply postponed, the defense efforts to explore the possibility of Flex's guilt. The order and the manner of presenting evidence at trial rests within the sound discretion of the trial court. There was no constitutionally infirm abuse of discretion in the court's decision that Simcina's testimony should be heard only after the completion of the prosecution's case. This was not a case where the court prohibited the defense from making a plausible argument that someone else committed the crime, or where a serious and continued effort by the defense to get its theory of the case before the jury was frustrated. Thus, appellant was not deprived of his right to fully cross-examine prosecution witnesses and to present witnesses in his own behalf. Since we "do not sit to re-try state cases *de novo* but, rather, to review for violation of federal constitutional standards," Milton v. Wainwright, 407 U.S. 371, 377, 92 S.Ct. 2174, 2178, 33 L.Ed.2d 1 (1972), the denial of a writ of habeas corpus must be affirmed.

Affirmed.

---

1. When asked by the court for the legal grounds supporting the attempted cross-examination, defense counsel stated that "this man's credibility, of course, is always relevant . . .," and noted that the testimony "will highly go to this man's [Flex's] credibility and justifies me to throw that in . . . .." Tr. 88–89. Counsel did not attempt to justify the reference to the assault as a means of suggesting that Flex may have committed the crime.