United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40413
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY DAVID POTWIN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:03-CR-44)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Henry David Potwin, a federal inmate formerly incarcerated at the Federal Correctional Institution-Medium, Beaumont ("Beaumont"), appeals his jury-trial conviction for possession of heroin by an inmate at a federal prison. Potwin argues that the government's refusal to reveal the identity of its confidential informant and failure to call him as a witness violated his Confrontation Clause rights under Crawford v. Washington, 541 U.S. 36 (2004). Potwin asserts that the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion by excluding the testimony of four of his witnesses: Damon Fisher; William Digilio; J. Brent Liedtke; and Randall Mark Manuel. He contends that the district court abused its discretion by finding that their proffered testimony was hearsay and irrelevant, and that its probative value was outweighed by its prejudicial effect.

Potwin briefly complains that the government never gave him a proper address for J.J. Cantu, the former Beaumont inmate who, according to Potwin, planted the heroin in his tobacco pouch. To the extent that Potwin seeks relief for this reason, he has waived the issue by failing to brief it properly. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28.

We review alleged Confrontation Clause violations de novo. United States v. Bell, 367 F.2d 452, 465 (5th Cir. 2004). We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Speer, 30 F.3d 605, 609 (5th Cir. 1994). "[I]n a criminal case, however, review of the trial court's evidentiary rulings is necessarily heightened." United States v. Carrillo, 20 F.3d 617, 619 (5th Cir. 1994). Even if we find an abuse of discretion in the admission or exclusion of evidence, we review this issue under the harmless error doctrine. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

As the government did not use any statements of the confidential informant against Potwin, his reliance on Crawford is misplaced. See Crawford, 541 U.S. at 68. As the confidential

2

informant was merely a tipster, the government was not required to disclose his identity. See United States v. Cooper, 949 F.2d 737, 749 (5th Cir. 1991). Furthermore, "the Government is under no duty to call witnesses even if they are informers." United States v. Frascone, 747 F.2d 953, 956 (5th Cir. 1984) (quoting United States v. Tatum, 496 F.2d 1282, 1284 (5th Cir. 1974)). Potwin has not shown that his Confrontation Clause rights were violated.

All of the following proffered testimony was based on out-of-court statements made by someone other than the witness and was offered to prove the matters contained therein: (1) the testimony of Fisher, Digilio, and Liedtke regarding Cantu's alleged attempt to have his gang kill Potwin; (2) Digilio's testimony regarding the argument between Cantu and Potwin, Cantu's alleged tacit admission that he set up Potwin, and an inmate's ability to set up another inmate; and (3) Liedtke's testimony regarding the alleged threat made by Cantu, Potwin's fear of being transferred, and the results of Potwin's drug tests. All this testimony was hearsay, see FED. R. EVID. 801(c); and Potwin has failed to show that any of it was admissible pursuant to any exception to the hearsay rule. See FED. R. EVID. 803, 804, and 807. Accordingly, the district court did not abuse its discretion by excluding this testimony. See FED. R. EVID. 802.

Liedtke's proffered testimony that he believed that Cantu set up Potwin was opinion testimony from a lay witness. As this testimony was not helpful to clearly understand Liedtke's testimony

3

or to determine a fact in issue, the district court did not abuse its discretion in excluding this testimony. See FED. R. EVID. 701.

Officer Manuel's proffered testimony that he observed tension between Cantu and Potwin was based on his personal observations, not an out-of-court statement. Officer Manuel's testimony that Cantu called Potwin a rat was not offered to prove the content of Cantu's out-of-court statement, i.e., that Potwin was, in fact, a rat. Contrary to the district court's finding, this testimony was not hearsay. See FED. R. EVID. 801(c). Additionally, the following proffered testimony was based on the witnesses' personal knowledge and observations and was not hearsay: (1) Fisher's testimony regarding the argument between Cantu and Potwin, Potwin's habit of leaving his tobacco pouch on the art room table, and an inmate's ability to set up another inmate; (2) Digilio's testimony regarding never having seen Potwin possess or use heroin, Potwin's habit of leaving his tobacco pouch on the art room table, and the questionable safety of inmates deemed to be rats; (3) Liedtke's testimony regarding an inmate's ability to set up another inmate, Cantu's marijuana smoking and access to drugs, Cantu's possible financial motivation for setting up Potwin, and Potwin's habit of leaving his tobacco pouch on the art room table; and (4) Officer Manuel's testimony regarding the seriousness of being deemed a rat in prison, the seriousness of an inmate accusing another inmate of theft, and Potwin's habit of leaving his tobacco pouch on the art room table. See id.

At trial, Potwin's theory of the case was that he did not knowingly possess the heroin found in his tobacco pouch because Cantu planted it there. Potwin was entitled to present evidence to support this theory. See Truman v. Wainwright, 514 F.2d 150, 152 (5th Cir. 1975). The non-hearsay proffered testimony of Fisher, Digilio, Liedtke, and Officer Manuel was relevant because it tended to make Potwin's theory of the case more probable — and tended to make the contention that Potwin knowingly possessed the heroin less probable — by showing Cantu's motive and opportunity to plant the heroin in Potwin's tobacco pouch. See FED. R. EVID. 401; United States v. Causey, 185 F.3d 407, 419 (5th Cir. 1999) (motive and opportunity evidence is relevant).

The district court additionally ruled that the proffered testimony of Potwin's witnesses was inadmissible under FED. R. EVID. 403 because its probative value was outweighed by it prejudicial effect and potential to confuse the jury. Neither the district court nor the government, however, has provided any reason as to why the proffered testimony would unfairly prejudice or confuse the jury and no such reason is apparent from the record. The proffered testimony was directly related to whether Potwin knowingly possessed the heroin, the core issue in dispute at the trial. As relevant evidence should be excluded pursuant to FED. R. EVID. 403 sparingly, we conclude that the district court abused its discretion by excluding the non-hearsay testimony proffered by

5

Fisher, Digilio, Liedtke, and Officer Manuel. See United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999).

The district court's abuse of discretion in excluding Potwin's witnesses directly affected his compulsory process rights and thus was an error of constitutional dimension. See United States v. Davis, 639 F.2d 239, 244 (5th Cir. Unit B Mar. 1981). Accordingly, the abuse of discretion was harmless only if "it is clear beyond a reasonable doubt that the error did not contribute to the verdict obtained." United States v. Alexius, 76 F.3d 642, 646 (5th Cir. 1996). Other than Potwin himself, the excluded witnesses were Potwin's only witnesses who could testify to facts supporting the heart of the theory of his case. Potwin was left with "little more than the ability to make unsubstantiated and . . . unprovable claims on the witness stand." See United States v. Lowery, 135 F.3d 957, 960 (5th Cir. 1998). As it is not clear that the district court's abuse of discretion did not contribute to the verdict beyond a reasonable doubt, it was not harmless error. See Alexius, 76 F.3d at 646.

The judgment of the district court is VACATED and this matter is REMANDED to the district court for a new trial consistent with this opinion.