# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2020

Lyle W. Cayce
Clerk

No. 18-50981

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN FRANCISCO TREVINO CHAVEZ, *also known as* KIKO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-189-3

Before KING, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Juan Francisco Trevino Chavez, aka "Kiko," was one of the highest-ranking commanders in the notorious "Los Zetas" cartel based out of Mexico. In 2016, authorities arrested him in Texas. A superseding indictment charged him with conspiring to traffic marijuana and cocaine into the United States, among other crimes. At Kiko's trial, the district court, per

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-50981

Federal Rule of Evidence 801(d)(2)(E), admitted certain testimony over defense counsel's hearsay objections on the grounds that the testimony included co-conspirator statements. Rule 801(d)(2)(E) defines statements by a co-conspirator made during and in furtherance of a conspiracy as not-hearsay. A jury convicted Kiko on the seven counts he faced. The district court then sentenced him to consecutive life sentences. On appeal, Kiko argues that the district court erred by admitting the testimony under Rule 801(d)(2)(E). For the reasons that follow, we AFFIRM.

## I. FACTS & PROCEDURAL HISTORY

On August 9, 2011, Kiko was initially charged in an indictment with one count of conspiracy to possess with intent to distribute marijuana and one count of conspiracy to commit money laundering. On May 8, 2018, Kiko was the sole defendant charged in a seven-count superseding indictment. It accused him of conspiring to traffic marijuana and cocaine into the United States, conspiring to use firearms to further the trafficking, and conspiring to launder money (all as a leader of "Los Zetas").[1] Kiko pled not guilty and proceeded to trial, which began on July 16, 2018.

Over six days of trial, the Government put on 23 witnesses. On Kiko's instructions, his lawyers objected repeatedly during the Government's direct examination of its witnesses. When a witness would testify as to what another

---

[1] The specific charges were: Conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to import marijuana with intent to distribute in violation of 21 U.S.C. §§ 952 and 960(a)(1) (Count 2); unlawful distribution of controlled substances extra-territorial in violation of 21 U.S.C. § 959(a) (Count 3); conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 4); conspiracy to import cocaine with intent to distribute in violation of 21 U.S.C. §§ 952 and 960(a)(1) (Count 5); conspiracy to possess firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(o) (Count 6); and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count 7).

No. 18-50981

person said, defense counsel would object to it as hearsay, and the Government would argue that it was not hearsay under Rule 801(d)(2)(E). The district court decided to conditionally admit the challenged testimony and delay its ultimate ruling until the Government finished presenting its case-in-chief.[2] At the close of the Government's case, the district court formally admitted the testimony under Rule 801(d)(2)(E).

The jury convicted Kiko on all seven counts he faced. A few months later, the district court sentenced him to concurrent life sentences on Counts 1 and 2 ("Group 1"); life sentences on Counts 3, 4, and 5 ("Group 2") to run concurrently with each other but consecutive to the Group 1 life sentences; and 20-year sentences on Counts 6 and 7 to run concurrently with each other but consecutive to the Group 1 and Group 2 life sentences.

On appeal, Kiko seeks a new trial on the ground that his convictions were improperly tainted by the district court's erroneous admission of the testimony at issue.

## II. STANDARD OF REVIEW

We review a district court's decision to admit testimony under Rule 801(d)(2)(E) for abuse of discretion. *United States v. Fairley*, 880 F.3d 198, 213 (5th Cir. 2018). "[E]rrors in evidentiary rulings are subject to the doctrine of harmless error." *United States v. Diaz*, 755 F. App'x 378, 382 (5th Cir. 2018) (per curiam) (unpublished) (alteration in original) (quoting *United States v. Cornett*, 195 F.3d 776, 785 (5th Cir. 1999)).

---

[2] A district court can delay ruling on the admissibility of conspirator statements "through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *See United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (footnote omitted).

No. 18-50981

### III. DISCUSSION

As an initial matter, we observe that Kiko does not identify the testimony that he argues was erroneously admitted. Instead, he paraphrases the testimony or merely provides citations to the trial record. A defendant who challenges the improper admission of testimony that potentially includes hearsay "must specifically identify the particular statement[s] he is challenging." *United States v. Martinez-Perez*, 941 F.2d 295, 300 (5th Cir. 1991). Because Kiko failed to do so, he has likely waived his arguments made on appeal. Even if we were to conclude that Kiko has not forfeited his arguments, we do not find them persuasive.[3]

Kiko argues that the district court erred in admitting the challenged testimony because it consisted of "reports of [Kiko's] past conduct [] and not statements made during and in furtherance of any of the conspiracies." According to Kiko, because the testimony was the only "basis" upon which the jury could have found him guilty of the charges, we should remand for a new trial. We disagree.

"Hearsay" is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). An opposing party statement is not hearsay if offered against the party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "Under Rule 801(d)(2)(e), the proponent of admittance must prove by a preponderance of the evidence (1) the existence of the conspiracy[,] (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the

---

[3] Our analysis is limited to testimony challenged in Kiko's opening brief. While Kiko disputes the admissibility of additional testimony in his reply brief, he has waived his arguments challenging that testimony. *See United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016) (noting that "any issue not raised in an appellant's opening brief is forfeited").

statement was made in furtherance of the conspiracy." *Cornett*, 195 F.3d at 782. "The content of the statement may be considered as part of the analysis, but there must also be independent evidence establishing the factual predicates for Rule 801(d)(2)(E)." *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011).

Moreover, "[t]o be in furtherance of the conspiracy, the statement must advance the ultimate objects of the conspiracy." *United States v. Ebron*, 683 F.3d 105, 135 (5th Cir. 2012). "[C]onversations that represent 'mere idle chatter' or which are mere narratives of past conduct are not in furtherance of the conspiracy because the statement and the conversation were not intended to further the conspiracy, regardless of whether an individual co-conspirator was implicated in the conversation." *Id.* at 136 (quoting *Cornett*, 195 F.3d at 783–84 (5th Cir. 1999)). However, the "in furtherance" requirement of Rule 801(d)(2)(E) "is not to be construed too strictly lest the purpose of the exception be defeated." *United States v. Broussard*, 80 F.3d 1025, 1039 (5th Cir. 1996).

We now turn to the admissibility of the challenged testimony. First, Kiko identifies testimony that he contends was improperly admitted under Rule 801(d)(2)(E), but which is predicated on his own statements or eye-witness observations. Statements made by and offered against a party are not hearsay. *See* Fed. R. Civ. P. 801(D)(2)(A). And testimony "based on the witnesses' personal knowledge and observations" does not include hearsay. *United States v. Potwin*, 136 F. App'x 609, 611 (5th Cir. 2005) (per curiam) (unpublished). The trial judge clearly did not err in admitting this testimony.

Kiko also challenges testimony comprised of statements made by co-conspirators pertaining to the ongoing distribution and supply of narcotics, including a source of funding for drug trafficking. The district court plainly did not err in admitting this testimony as well.

Kiko further disputes the admissibility of testimony that included statements designed "to encourage loyalty and obedience among the conspirators." *See United States v. Flores*, 63 F.3d 1342, 1377 (5th Cir. 1995). And he challenges testimony that incorporated "statements which are puffing or boasts, but which are used to obtain the confidence of the person toward whom the statement is directed." *See United States v. Johnson*, 872 F.2d 612, 623 (5th Cir. 1989). Yet these statements were made by co-conspirators during and in furtherance of a drug conspiracy. *See Flores*, 63 F.3d at 1377; *Johnson*, 872 F.2d at 623. All of the testimony was therefore properly admitted.

Finally, Kiko disputes the admissibility of testimony from Luis Miguel Carreon[4] that his uncle had expressed concern about Carreon "knowing" Kiko and "being around" him. The Government argues that the Uncle's statement was admissible under Rule 801(d)(2)(E) since "Carreon had previously testified that his uncle was associated with the Zetas" and "the statement was made when drugs were being delivered to the uncle's ranch." But dissuading someone from associating with a party to a conspiracy does not further the conspiracy. And no other exclusion under Rule 801 or exception under Rule 803 to the hearsay rule clearly applies.

Assuming arguendo the district did err in admitting this testimony, that error was harmless. "Under [the harmless error] doctrine, '[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Diaz*, 755 F. App'x at 382 (quoting FED. R. CRIM. P. 52(a)). "As a general rule, an error affects a defendant's substantial rights only if the error was prejudicial. Error is prejudicial if there is a reasonable probability that the result of the proceedings would have been different but

---

[4] Carreon distributed marijuana for the Zetas.

6

for the error." *United States v. Huntsberry*, 956 F.3d 270, 283 (5th Cir. 2020) (internal citation omitted) (quoting *United States v. Johnson*, 943 F.3d 214, 223 (5th Cir. 2019)). "The burden of proving harmlessness falls to the Government." *Diaz*, 755 F. App'x at 382 (citing *United States v. Olano*, 507 U.S. 725, 741 (1993)).

The Government presented ample evidence at trial supporting the jury's guilty verdict, including but not limited to: testimony from a witness who observed Kiko arrive at a ranch armed and in possession of thousands of pounds of marijuana, testimony from another witness that he sent drug proceeds to Kiko, and testimony from yet another witness that he saw Kiko at a high-level meeting of cartel leaders in which the distribution of cocaine was discussed.[5] "Given the voluminous evidence of [Kiko's] guilt as presented at trial, we agree with the Government that any purported error with respect to" the admission of testimony predicated on hearsay "could not have affected the outcome of his proceedings." *See United States v. Johnson*, No. 18-11602, 2020 WL 4493243, at *3 (5th Cir. Aug. 4, 2020) (per curiam) (unpublished). Accordingly, to the extent the district court erred in admitting the abovementioned testimony, we hold that the error was harmless.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[5] As noted above, we determine that, pursuant to Rule 801(d)(2)(E), this testimony does not include hearsay.