509 P.2d 626

The STATE of Arizona, Appellee,

v.

Richard Joe HUTTON, Appellant.

No. 2455.

Supreme Court of Arizona,
In Banc.

May 7, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Robert H. Lichty, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilty to the crime of possession of narcotic drugs, § 36–1002 A. R.S., with a prior conviction, § 13–1649 A. R.S., and a sentence thereon of not less than fifteen nor more than twenty years.

We are asked to answer three questions on appeal:

1. Was it error to allow a police officer to testify concerning the activities of the defendant on the evening prior to the arrest?

2. Did the County Attorney exceed the scope of proper cross-examination concerning defendant's prior felony conviction?

3. Did the trial court err in instructing the jury on the elements of possession of narcotics?

The facts necessary for a determination of this matter on appeal are as follows. The defendant, Richard Joe Hutton, was under surveillance by Officers Oscar Long and Ken Patterson on the evening of 26 January 1971. The defendant was observed standing in the doorway of a tavern. The defendant would have brief conversations with people entering and leaving the tavern and then he would walk from the tavern through a parking lot to an alley behind the tavern. The officers were unable to ascertain what was happening while defendant was in the alley. Defendant would then return to the door of the tavern and the people with whom he had been conversing would leave.

On the following afternoon, Officer Patterson discovered in the alley behind the tavern a red cigarette package which he suspected contained narcotics. The detectives left the cigarette package in place and took up a position of surveillance nearby. After awhile, the defendant came near the cigarette package and then left. After several minutes he returned, picked up the package, and began walking down the alley. The two detectives pursued him and arrested him for illegal possession of narcotics. The defendant timely moved to suppress the testimony of Officers Long and Patterson concerning their observations of the defendant on 26 January 1971, the day before the arrest. The motion was denied.

At the trial the defendant took the stand in his own behalf and testified that a friend of his with whom he was having a drink in the tavern, advised him that she had seen somebody hide something in the vicinity of the cigarette package. The defendant testified he went out to investigate, was unable to find anything, and then returned to the tavern. His friend directed him to look more closely by a fence near the parking lot and he then returned to the alley, found the package, and was then arrested. The defendant contended that he did not know the cigarette package contained narcotics.

During the trial the defendant was cross-examined concerning two prior felony convictions at which time he objected to allowing certain of the questions. From a jury verdict and judgment of guilty and a sentence of not less than fifteen nor more than twenty years in the Arizona State Prison, the defendant appeals.

## TESTIMONY CONCERNING THE ACTIVITIES OF 26 JANUARY 1971

The defendant contends that the testimony of the police officers concerning the defendant's trips from the door of the tavern to the alley "suggested that he was engaged in the crime of selling these narcotics on that night." Admittedly, defendant's numerous trips to the alley following conversations with people in the door of the tavern, after which the people would then leave the premises, might lead a person to believe that the defendant was in fact engaged in some sort of questionable activity.

The question before this court, however, is not whether this is an inference of other criminal acts, but whether or not this testimony provides the "complete story" of what the defendant was doing. Our court has stated:

"Evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime. (citations omitted) This principle that the complete story of the crime may be shown even though it reveals other crimes has often been termed 'res gestae'. * * * [W]e choose to refer to this as the 'complete story' principle, rather than 'res gestae'." State v. Villavicencio, 95 Ariz. 199, 201, 388 P.2d 245, 246 (1964).

And the Court of Appeals has stated:

"* * * Testimony covering the presence and activities of the defendant on the morning of the offense is material to give the jury a complete picture as to time and place and is necessary or helpful to an understanding of the conduct of the defendant. * * *" State v. Albe, 10 Ariz.App. 545, 548, 460 P.2d 651, 654 (1969).

The defendant's two visits to the alley on the afternoon of the 27th become reasonable and understandable when his activities of the night before are known. Under these circumstances, we believe that the defendant's conduct the night before serves to provide a "complete picture" of the defendant's activities concerning the crime for which he was charged, and we find no error in the trial court admitting such evidence.

## CROSS–EXAMINATION REGARDING PRIOR CONVICTION

The defendant took the stand in his own behalf and was cross-examined as follows:

"Q You were convicted in Superior Court of Maricopa County for robbery in 1952, April of 1952?

"A Yes.

"Q In December of 1958, you were further convicted of burglary, first degree, is that not correct?

"A There's a technicality in that.

"Q Yes or No?

"A I was violated * * * for parole violation.

"Q You were convicted of the charge? * * *

"A The conviction went with the parole violation.

"Q At that time were you represented by an attorney?

"BY MR. EVANS: Wait a minute, Your Honor. This is going beyond the proper scope of cross-examination.

* * * * * *

"BY THE COURT: You may proceed.

"Q Mr. Hutton, isn't it true that in December of 1958 in Superior Court of Maricopa County, that you were convicted of burglary, first degree?

"A I pled guilty to burglary, first degree.

"BY MR. SANDY: Fine. I have no more questions."

Defendant does not question the fact that he was convicted of the two prior felonies. He does, however, object to the question concerning the fact that the defendant was represented by counsel at the prior conviction. Defendant claims that while a defendant who takes the stand in his own defense may be impeached by evidence of a prior felony, once this is admitted the prosecution may only inquire as to the name and nature of the crime, the places where it was committed, and the number of convictions the defendant has incurred. This court has stated:

"The general rule is that the state may inquire of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative he may be asked the number of such convictions, the names and nature of the crimes, and the places where they were committed, (citations omitted) and if the answers are correctly given the inquiry must end there. If any answer of the defendant in this regard is incorrect, or if he claims he does not remember, or if he denies such conviction or equivocates in his response to questions as to conviction of felonious crimes, the facts of his conviction or convictions may be shown by the record thereof." State v. Sorrell, 85 Ariz. 173, 177–178, 333 P.2d 1081, 1083–1084 (1959). See also State v. Tosatto, 107 Ariz. 231, 485 P.2d 556, cert. den. 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 274 (1971); State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967).

█ In the instant case, the defendant was equivocating about the 1958 conviction and the prosecutor appeared to be attempting to refresh his memory. Once the defendant admitted the 1958 prior conviction, the questions ceased.

We find no error in the questions.

## WERE THE INSTRUCTIONS PROPER?

Finally, defendant questions the instructions as to the elements of the crime. The court instructed the jury as follows:

"Under the statutes of the State of Arizona, every person who possesses any narcotic such as heroin is guilty of a crime.

"To constitute the illegal possession of a narcotic, it must be established:

"(One) that the defendant exercised a control or had the right to exercise control over the narcotic,

"(Two) that the defendant had knowledge of the presence of the narcotic, and,

"(Three) that the substance was in an amount sufficient to be used as a narcotic."

After the instructions were read but before the case was submitted to the jury, the defendant objected and requested a further instruction on specific intent which was denied. This requested instruction, if reduced to writing, is not part of the record on appeal, is not set out in the briefs, and the reporter's transcript does not make clear exactly what instruction defendant was requesting. We, therefore, have no way of knowing whether the court's failure to further instruct was error or not.

■ The defendant contends, however, that the statement in the instructions "that the defendant had knowledge of the presence of the narcotic," should have read "that he had knowledge that the substance was a narcotic." While we agree with defendant that the latter statement is certainly a more correct statement of the law and is preferable to the one actually given, we do not believe that the jury was in any way misled by the statement of the court. We feel that the jury had a proper understanding of the law and that there was no error in the instructions.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.