518 P.2d 586

**STATE of Arizona, Appellant,**

v.

**Pedro Portillo ROMAN, Appellee.**

**No. I CA–CR 586.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 5, 1974.

———◆———

Moise Berger, Maricopa County Atty., by Bruce A. Jensen, Deputy County Atty., Phoenix, for appellant.

Brice E. Buehler, Phoenix, for appellee.

## OPINION

EUBANK, Judge.

The appellee was charged with the crime of second degree burglary, and as an addendum to the information, with having previously been convicted of illegal possession of marijuana. Appellee filed a motion to suppress certain seized evidence based on the police officer's lack of probable cause or the lack of a valid consent to search the automobile in which appellee was a passenger, and the trial court granted his motion. The State appeals from the order suppressing the evidence.

The State raises two contentions on appeal, (1) that the evidence revealed probable cause to search the vehicle in question, and that "exigent circumstances" existed which excused the requirement of a search warrant; and (2) that the appellee validly consented to the search. We need only consider the first contention since it is dispositive of this appeal.

The pertinent facts are as follows: On September 8, 1972, in Phoenix, the rear of a delivery van was forcibly entered and cigarette cartons stolen while the driver was in a nearby store making a delivery. When the driver returned to his truck he was informed by a woman that the truck had been robbed. She stated that she had seen a Mexican male remove the cartons and leave with them in a two-tone Chevro-let with a blue body and a white top, having what appeared to be three bullet holes in the right side of the windshield, and bearing license number MXF–934. She also related that the car was occupied by "three Spanish and two women." This information was relayed to the Phoenix police and was then broadcast over their radio. Approximately twelve minutes after the commission of the crime and five miles away, a Phoenix police officer who had heard the broadcast stopped a blue Chevro-let with three bullet-like holes in the right side of the windshield, bearing license number MXF–534, which was occupied by two Mexican males, one of whom was the appellee. The two men were frisked, handcuffed, advised of their rights, and placed in the rear of a police car. Shortly thereafter, the officer asked the appellee for permission to search the auto, permission was given, and the search revealed the stolen cigarette cartons in the trunk of the car.

We need not consider the validity of the consent given by the appellee to search the auto in which he was a passenger at the time of the arrest, since we are of the opinion that sufficient probable cause existed to believe that the automobile contained the fruits of illegal activity thereby justifying the search. Considering the information available to the police broadcast and how closely the police bulletin description matched the automobile stopped, we find that the officer's suspicion of guilt was sufficiently well-grounded to constitute probable cause to search. *See* State v. Vaughn, 12 Ariz.App. 442, 471 P.2d 744 (1970). Furthermore, since an automobile was the object of the search, it is quite clear that sufficient "exigent circumstances" existed to permit an immediate warrantless search without the necessity of first presenting the issue of probable cause to a magistrate. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *See also* State v. Kelley, 107 Ariz. 8, 480 P.2d 658, cert. denied, 404 U.S. 866, 92 S.Ct. 128, 30 L.Ed.2d 110 (1971).

Accordingly, the order of the trial court is reversed.

HAIRE, P. J., and JACOBSON, C. J., Division 1, concur.