519 P.2d 1148

**STATE of Arizona, Appellee,**

v.

**Charles Leslie EVANS aka Charlie Lee Evans, Appellant.**

**No. 2677.**

Supreme Court of Arizona,
In Banc.

March 8, 1974.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Phoenix, for appellee.

Rubin Salter, Jr., Tucson, for appellant.

407

STRUCKMEYER, Justice.

Appellant, Charles Leslie Evans, was charged with and convicted of the crime of second degree burglary, and brings this appeal.

On September 10, 1972, appellant was discovered and arrested in a building occupied by the City Poultry Co. At the time of his arrest, he was first searched by what is described in the evidence as a "pat down," after which handcuffs were placed upon him and a more thorough search was conducted. A watch was discovered upon appellant's person, whose owner testified that the last time he had seen the watch was in a locked compartment in the building. Following the appellant's arrest, the watch was seized and introduced against him in evidence.

 Appellant claims the search which disclosed the watch and its subsequent seizure violated his rights under the Fourth Amendment of the Constitution of the United States. But we think it is recognized everywhere that a search and seizure incident to a lawful arrest is considered reasonable. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); State v. Cofhlin, 3 Ariz.App. 182, 412 P.2d 864 (1966); State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965). The arresting officer was not foreclosed from a thorough search after placing handcuffs upon appellant simply because there had been made a cursory "pat down" search before. Moreover, we think the watch could have been seized at any time following the appellant's arrest.

> "When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which· may be used to prove the offense may be seized and held as evidence in the prosecution." Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287, 69 L.Ed. 543, 553 (1924).

Appellant also complains of the failure of the court to give instructions on grand and petty theft. Burglary, the offense for which appellant was convicted, is defined by A.R.S. § 13–302 as entering a building with an intent to commit grand or petty theft or any felony. There is no evidence in the record in this case to suggest that appellant formed an intent to commit larceny after he entered the building occupied by the City Poultry Co. His testimony was that he was given the watch by another person and never formed a larcenous intent.

The evidence that appellant was found in the building in possession of a watch left in the building supports an inference that the appellant had the requisite intent to commit the crime of larceny at the time he entered the building. The specific felonious intent to commit burglary may be established by circumstantial evidence. State v. Miller, 104 Ariz. 335, 452 P.2d 509 (1969). Theft and petty theft are not lesser included offenses to burglary. State v. Miller, 108 Ariz. 441, 501 P.2d 383 (1972).

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.