520 P.2d 306

**STATE of Arizona, Appellant,**

v.

**Manuel ARELLANO, Manuel Ballesteros, and Bernie Quintana, Appellees.**

**No. 2710.**

Supreme Court of Arizona,
In Division.

March 20, 1974.

Rehearing Denied April 16, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, Dennis DeConcini, Pima County Atty., by Ronald J. Stolkin, Deputy County Atty., Tucson, for appellant.

James L. Robinson, Jr., Tucson, for appellee Arellano.

Ed Bolding, Former Pima County Public Defender by Eric Cahan, Deputy Public Defender, Tucson, for appellee Ballesteros.

Walter B. Nash, III, Tucson, for appellee Quintana.

HOLOHAN, Justice.

This matter comes before us on appeal by the State from an order of the Superior Court of Pima County granting defendants' motion to suppress evidence seized by detectives of the Tucson Police Department on August 25, 1972.

The question presented in this appeal is whether the warrantless search of the automobile in which defendants were riding was justified.

The facts are not in dispute. At approximately 4:00 p.m. on August 25, 1972, narcotics agent, Eugene L. Anaya of the Tucson Police Department was advised by a United States Customs agent, Rex Halgerson, that a reliable informant had passed on information that a black and white 1966 Ford automobile with Arizona license number LHY 968, would be located at 522 West Davis in Tucson and would have approximately 50 kilos of marijuana in its trunk. He was also told that Anaya should not seize the automobile while it was parked at the address because the informant's identity would be revealed and his life would be endangered.

Agent Anaya, along with two other agents, immediately proceeded to a location

across the street from the address given them. At approximately 4:20 p.m. they observed two men arrive at the residence. A short time later Manuel Arellano arrived and he and Manuel Ballesteros proceeded to the trunk of the 1966 Ford. Arellano took a package from the trunk and the two men went behind the residence. Next the officers observed Ballesteros and one of the men that had arrived earlier come out from behind the house. This unknown man had the package now wrapped in a paper bag. Ballesteros went inside the house and returned, giving the man a plastic bag with a substance in it. The man then left.

About 5:00 p.m. Arellano, who had left, returned to the residence. Within minutes Albert Leon arrived. Leon and Arellano then removed an ice chest from Leon's car and proceeded to the open trunk of the 1966 Ford. They began packing items removed from the trunk into the chest. Leon then left with the ice chest and one of the officers attempted to follow him. The agent lost Leon in traffic.

At approximately 7:00 p.m. Agent Anaya contacted Halgerson and advised him that he had decided to seize the car and the contraband. Anaya returned to the station house to obtain the necessary equipment to telephone for a search warrant. For the requirements to obtain a search warrant by telephone or radio, see A.R.S. §§ 13–1444 C and 13–1445 C. The only available equipment was in a locked desk and Anaya had to wait until a Sgt. Moore arrived to unlock it.

Intending to call in for a search warrant at the surveillance post Anaya returned to the location. It was about 8:00 p.m. when Anaya arrived at the surveillance area. He was informed by one of the officers that the automobile had been moved once and it seemed it was about to be moved again. Before Anaya could obtain a telephone search warrant the car began to move away from the residence. Anaya informed a patrol car in the area to stop it

which they did at the intersection of the Freeway and St. Mary's Road. Arellano, Ballesteros, Leon and Bernie Quintana were in the car. A search revealed 40 kilos of marijuana—38 in the trunk and 2 under the floorboard. All four men were arrested and informed of their "Miranda rights."

The defendants concede that the police had probable cause to obtain a search warrant within a short time after the surveillance had begun. Their objection is that the officers waited until it was too late to get the search warrant and then used the pretense of the moving vehicle exception to justify a warrantless search of the vehicle.

We agree that the police had the requisite probable cause to obtain a search warrant at the time the automobile was parked at the residence and it would have been necessary for them to have a warrant to do so. The admonition as to motor vehicle searches is stated in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." In *Coolidge*, however, the Federal Supreme Court continues to adhere to the principles announced in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970) that there is a necessary difference between a warrantless search of a building and a warrantless search of an automobile on the move. The Court, in *Coolidge,* acknowledges that "exigent circumstances" justify the warrantless search of an automobile stopped on the highway where there is probable cause, because the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained before the search. The opportunity to search is fleeting with a vehicle on the move.

Applying these principles to the case at issue it appears that the officers were pre-

**436**

paring to secure a search warrant, but, before they could get the search warrant, the circumstances changed. The automobile ceased to be at a fixed location, and the defendants were leaving in the automobile to some destination unknown at the time by the officers. Within the vehicle was a large quantity of contraband being moved to an unknown destination. The officers acted to stop the vehicle and then search it. There was clearly probable cause. Do these facts constitute "exigent circumstances" which justify the warrantless search? We believe they do.

This is not a case in which the police tried to avoid the inconvenience of a search warrant. The officers were attempting to secure a search warrant. The delay was necessary to allow the informant to be away from the premises, and the further delay resulted from the difficulty encountered in securing the equipment necessary to obtain a search warrant by telephone. Unfortunately the action of the officers came too late to secure a warrant before the move by the defendants. The officers were put in a situation of either making a warrantless search or allowing the defendants and a large quantity of contraband to get away. They did not create the exigent circumstances but instead the exigent circumstances were forced upon them.

We hold that the circumstances fully justified the search and seizure and that the police action was valid under the Fourth and Fourteenth Amendments of the United States Constitution.

The order of the superior court granting defendants' motion to suppress is hereby set aside, and the cause is remanded to the superior court for further proceedings not inconsistent with the opinions expressed herein.

Order set aside.

HAYS, C. J., and LOCKWOOD, J., concur.