539 P.2d 906

**STATE of Arizona, Appellee,**

v.

**Edward Lewis JACKSON, Appellant.**

**No. 2930.**

Supreme Court of Arizona,
In Division.

Sept. 11, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Shoob & Zalut by Henry L. Zalut, Phoenix, for appellant.

**152**

LOCKWOOD, Justice:

Edward Lewis Jackson, aka Edward Lewis Mobley, was initially charged with four counts of burglary and one count of armed robbery pursuant to complaints and indictment. The trial court directed a verdict for the defendant on one burglary count and defendant was found guilty by a jury on each of the remaining counts. He appeals, raising six questions for review.

I

MOTION TO SUPPRESS

Appellant first complains that the trial court erred in denying his motion to suppress evidence seized from the defendant's person and the auto in which he was found.

The facts show that Officers Hiser and Fragoso were on routine patrol on March 10, 1973 when they were dispatched to investigate a reported burglary of a residence. Officer Hiser was informed by the residents, Miss Boyse, and Mr. Deever, that they were missing a record spindle and money. Deever told Officer Hiser he had seen someone holding a flashlight with a red glow around the lens. Deever also described a cream colored Pontiac he observed leaving the area just after the burglary at his home.

The officers left to investigate the break-in of a home several doors from the Boyse-Deever house. The resident, Mr. Rice, also informed Officer Hiser that he saw a flashlight with a red glow or ring around the lens and was missing a Hamilton watch. After taking the report, the officers left for a substation to file their written reports when they received a radio dispatch regarding another burglary in the same area. Upon returning to the area, they observed a car matching the description given by Mr. Deever traveling in the opposite direction. When they turned around to investigate, they temporarily lost sight of the auto. Moments later, however, they observed a parked car matching the description given by Mr. Deever.

They shone a floodlight into the car and noted several objects hanging from the rearview mirror were swinging back and forth indicating that "the vehicle had recently been in motion." A flashlight and a pair of gloves were resting on the passenger seat and appellant was seen slouching down in the driver's seat as if trying to hide.

Appellant was ordered out of the car and a cursory pat-down search revealed a four-inch kitchen knife in appellant's pocket, several watches, cash and a record spindle. Officer Hiser testified that after the pat-down and discovery of the knife, appellant was arrested and further searched. The vehicle in which he was sitting at the time he was discovered by the police was also searched and evidence seized.

Appellant argues that there was insufficient probable cause to arrest him, concluding the search of his person and vehicle was illegal and the evidence seized thereby was inadmissible.

A.R.S. § 13–1403 provides:

"A peace officer may, without a warrant, arrest a person:

"1. When he has probable cause to believe that a felony has been committed and probable cause to believe the person to be arrested has committed the felony."

The facts and circumstances within the knowledge of the officers and of which they had trustworthy information were sufficient in themselves to warrant men of reasonable caution to believe that a felony had been committed and that the defendant had been guilty of the felony. Upon the facts before us, therefore, we are of the opinion that the officers had probable cause to arrest the defendant without a warrant. We determine that the arrest was lawful.

It is well recognized that a search and seizure incident to a lawful arrest is reasonable. *State v. Evans,* 110 Ariz. 407, 519 P.2d 1148 (1974). When a search and seizure is incident to a lawful arrest, whatever is found upon the person

or in his control which it is unlawful for him to have may be seized and held as evidence in the prosecution to prove the offense. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924). We hold the search of the appellant was incident to a lawful arrest and the evidence seized from his person was properly admitted.

◼ As to the search of the vehicle, sufficient probable cause existed to believe that the automobile contained the fruits of illegal activity. *State v. Ronan*, 21 Ariz. App. 267, 518 P.2d 586 (1974). The automobile was a fleeting target for a search. *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). We find that sufficient "exigent circumstances" existed to permit an immediate warrantless search of the automobile without first presenting the issue of probable cause before a magistrate. *State v. Arellano*, 110 Ariz. 434, 520 P.2d 306 (1974). We hold that the court did not err in denying appellant's motion to suppress.

## II

### IN–COURT IDENTIFICATION— BURGLARY

Appellant next claims that the trial court erred in denying the defense motion to suppress an in-court identification of the appellant.

The evidence shows that the witness, Everett Gulick, was awakened by some noise at the front door at 1:30 a. m. He saw the door open and observed a hand holding a red tipped flashlight. Gulick went to the door and stood within two feet of a man for 30 to 60 seconds. The man left but returned moments later and once again, the witness observed this individual pick up several articles from the living room before leaving. The witness identified the appellant as the man in a lineup.

◼ The identification was made on the basis of the shape of appellant's face, his forehead, eyebrows and mustache. We cannot agree with the defendant's contention that the in-court identification was tainted by the witness's conversations with the police officers or that the fact that the witness was unable to describe the appellant's height, weight, or color of his eyes. We are convinced that the in-court identification had an independent origin. *State v. Miranda*, 109 Ariz. 337, 509 P.2d 607 (1973).

◼ The witness testified that the lineup took place the Saturday following the burglary, while Officer Hiser testified it took place the same day. This minor discrepancy in the evidence does not taint the identification.

After a hearing, the trial judge determined from clear and convincing evidence that the in-court identification was not unduly suggestive. The identification was positive and unequivocally made from the defendant's face. We will not disturb that ruling. See *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

## III

### VOICE IDENTIFICATION—ROBBERY

Appellant next contends the voice identification made by Mr. and Mrs. Cantrell, the robbery victims, was tainted and therefore inadmissible.

Appellant does not challenge the manner in which the voice identification was conducted but, rather, circumstances which may have occurred prior to that lineup. Appellant argues that a departmental report written by Officer Fragoso, who was not present at the trial, indicated that the appellant was taken from the police vehicle in front of the Cantrell residence and searched there at which time the defendant was identified by the Cantrells. The police report in question was not admitted into evidence and was contradicted by Officer Hiser and the Cantrells who testified that they did not see the defendant outside their

home in the police vehicle after he was apprehended by the police.

■ A recognized ground for attack on the identification of a defendant is whether the technique employed was "so unnecessarily suggestive and conducive to irreparable mistaken identification that he [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). In the instant case there was a lineup and, although neither Mr. nor Mrs. Cantrell could identify the defendant by sight, both identified the defendant by voice after each of the four men in the lineup spoke several sentences that were spoken by the man in their bedroom. There was nothing developed to show that the identification of the defendant's voice was unfair. *United States v. Phillips*, 427 F.2d 1035 (1970), cert. den. 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed. 106. The victims identified the defendant for the police, rather than the police suggesting the identity of the defendant. We do not consider the police procedure impermissibly suggestive. *State v. Taylor*, 109 Ariz. 518, 514 P.2d 439 (1973). Nor can we agree with appellant's contention that he was convicted of robbery on the basis of the voice identification alone. There was substantial circumstantial evidence upon which the jury could convict.

■ Questions as to whether there has been an accurate in-court identification of the defendant untainted by prior identification procedures and whether such procedures were fair to the defendant are preliminary questions for the trial court. The trial court held a hearing and found that the police procedures utilized in this case were proper. This determination will not be disturbed on appeal absent clear and manifest error. *State v. Williams*, 111 Ariz. 175, 526 P.2d 714.

We have examined the record and find there has been no violation of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

## IV

## CONTINUANCE

Appellant next assigns as error the refusal of the trial court to grant a continuance to secure the attendance of the other arresting officer.

The facts show that the defense had issued a subpoena for Police Officer Fragoso which could not be served because he was with the National Guard on duty in Germany.

Appellant states that the absent officer's departmental report showed that the Cantrells had identified the defendant in front of their home prior to the lineup, contrary to the testimony of Officer Hiser and the Cantrells. He urges that the testimony of Officer Fragoso was crucial to the questions of probable cause for the arrest and search of the appellant, and the seizure of evidence used against him at trial and the lineup.

■ A motion for continuance is not granted as a matter of right. The matter is solely within the sound discretion of the trial judge whose decision will not be disturbed unless there is a clear abuse of discretion, and unless denial of the motion is shown to be prejudicial to the defendant. *State v. Richie*, 110 Ariz. 590, 521 P.2d 1136 (1974); *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974); *State v. Guthrie*, 108 Ariz. 280, 496 P.2d 580 (1972).

■ The trial judge has this discretion because he is the only unbiased party to an action in a position to observe the proceeding with an unjaundiced eye. He can observe whether any actual or supposed prejudice exists which would necessitate a continuance. *State v. Schmid*, 107 Ariz. 191, 484 P.2d 187 (1971).

■ Officer Fragoso's testimony would serve only to impeach the Cantrells and Officer Hiser. We have long held that it is not an abuse of discretion to deny a continuance where the testimony sought is to be used for impeachment. *State v. Cotton*, 103 Ariz. 408, 443 P.2d 404 (1968).

We do not agree with the contention that the trial court's denial of appellant's motion for continuance violated Article 2 § 4 of the Arizona Constitution and Rules 241 and 244, Rules of Criminal Procedure. We find no abuse of discretion. *State v. George,* 100 Ariz. 350, 414 P.2d 730 (1966).

## V

### ADMISSION OF OTHER ACTS—COUNT IV

Appellant next asserts as error the admission of the knife found on appellant at the time he was arrested and also the testimony of Mr. and Mrs. Allegretti regarding the theft of their automobile and the burglary of their home. The evidence complained of was part of the state's case in support of Count IV of the indictment on which the court granted a directed verdict for the appellant at the conclusion of the state's case.

The question before this court is whether this evidence provides the "complete story" of what the defendant was doing. The complete story of the crime may be shown even though it reveals other crimes. *State v. Villavicencio,* 95 Ariz. 199, 388 P.2d 245 (1964).

The Allegrettis were one of four families burglarized on March 10, 1973 within a two-hour period in the same geographical location. Testimony and evidence covering the presence and activities of the defendant on the morning of the offense was material to give the jury a complete picture as to the time and place and is helpful in understanding the conduct of the defendant. *State v. Hutton,* 109 Ariz. 356, 509 P.2d 626 (1973). In addition, the evidence of the other acts was admissible because proof of these acts incidentally involve the other crimes or explain the circumstances of the crime. *State v. Schmid,* 107 Ariz. 191, 484 P.2d 187. This is true regardless of the fact that the defendant was not charged with theft of the auto.

The evidence concerning the knife, the theft of the Allegretti vehicle and the alleged burglary of the Allegretti home was part of the complete story of the crime. It may not be said that a defendant should be granted a new trial on the counts consolidated for trial simply because the trial court directed a verdict on one count.

Furthermore, as part of the instructions given by the court prior to deliberation, the jury was instructed as follows:

"THE COURT: Ladies and gentlemen, counsel reminded me that I failed to comment on one of the counts against the defendant involving the Allegretti home.

"You heard some testimony about that, as to that count in which I directed a verdict. Of course, it is not necessary for you to consider that particular matter; and of course, any evidence introduced as to the Allegretti home is not to be considered by you in connection with these other charges in this case."

In light of substantial evidence of the defendant's guilt and the appropriate admonition to the jury we find no error. *State v. Domme,* 111 Ariz. 464, 532 P.2d 526 (1975); *State v. Thornburg,* 111 Ariz. 254, 527 P.2d 762 (1974).

## VI

### FUNDAMENTAL FAIRNESS

Finally, appellant urges that he was not shown to be guilty beyond a reasonable doubt.

Appellant had a fair and impartial trial, and we believe that the evidence supports the verdict. We have considered each and every question raised and we find no reversible or fundamental error. A.R.S. § 13-1715. *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Schmid,* 109 Ariz. 349, 509 P.2d 619 (1973).

Judgment affirmed.

HAYS and HOLOHAN, JJ., concur.