599 P.2d 826

**The STATE of Arizona, Appellee,**

v.

**Herbert Lee JONES, Appellant.**

**2 CA–CR 1627.**

Court of Appeals of Arizona, Division 2.

June 7, 1979.

Rehearing Denied July 5, 1979.

Review Denied Sept. 6, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Raymond R. Hayes, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of the following crimes: (1) first-degree conspiracy (A.R.S. Sec. 13–331(A)); (2) armed burglary (A.R.S. Sec. 13–302(A) & (C)); (3) attempted armed robbery (A.R.S. Secs. 13–108, 13–641, 13–643); (4) armed kidnapping (A.R.S. Sec. 13–491(A), (B) & (D)); (5) kidnapping for robbery (A.R.S. Sec. 13–492); (6) kidnapping for rape (A.R.S. Sec. 13–492); (7) two counts of armed rape (A.R.S. Secs. 13–611 and 13–614(C)); (8) two counts of lewd and lascivious acts (A.R.S. Sec. 13–652); and (9) sodomy (A.R.S. Sec. 13–651). He received concurrent sentences ranging from four to 21 years in ". . . the custody of the Arizona State Department of Corrections."

The victims in this case were three prostitutes. While armed with a handgun, appellant engaged in a variety of sexual assaults on the victims at their residence and later, still armed, forced them into a car and had them drive him away from the residence. Appellant's motive appeared to have been robbery and revenge upon the women's pimp, one Otis Rogers, also known as "Angel". Testifying for the state was Lee Ann Marts, who was originally one of the defendants and who had engaged in some acts of prostitution for Angel.

It is appellant's contention that the trial court erred (1) in refusing to grant his motion for mistrial based on the prosecutor's closing argument, (2) when it denied his motion for continuance, (3) by sentenc-

**376**

ing him for both armed kidnapping and kidnapping for rape, (4) in admitting hearsay evidence, (5) in allowing two narcotics officers from Colorado to testify as to appellant's nickname and (6) in refusing to admit into evidence certain photographs of Lee Ann Marts.

■ In his closing argument, the prosecutor stated:

"I submit to you that may be fortunate in this case, being these were prostitutes. A normal woman might not have survived the activ—" (At this point, an objection was made and sustained)

\* \* \* \* \* \*

"These women are sexually hardened." Appellant claims that the foregoing argument constituted an appeal to fear. We do not agree. It was a fair comment on the evidence.

■ One count of armed rape was dismissed. The prosecutor in his final argument told the jury:

"The court has dismissed a count in this case, the one as to Laura. The state did not prove to you that there was penetration of Laura; and that count was dismissed."

Appellant contends that the inference from this statement is that the trial court believed there to be merit to all the rest of the counts. We do not agree. Furthermore, the trial court instructed the jury that it was not to consider why the count as to Laura had been dismissed.

The defense launched a heavy attack against Lee Ann Marts based on her acts of prostitution and the fact that she told several different stories to the police. The prosecutor, in his closing arguments, pointed out that at a photographic lineup (which was conducted late in the investigation) Miss Marts identified appellant and a co-defendant Wheeler as the people involved with her in the conspiracy, robbery and other crimes. Commenting upon the identification, the prosecutor stated:

"It was to show the lineup to Lee Ann Marts, because, at that point, she was talking to the County Attorney's Office, and we were going to determine whether she was telling the truth or not; and if

she did not identify those men in those lineups, we would have known she wasn't going to tell the truth. When she, positively, identified those men, again, in the County Attorney's Office, in this new lineup with new photographs, that indicates that she knows those men, she knows what they look like, and she's seen them, and she knows where she saw them and what their names were."

No objection was interposed to this argument at the time it was made. The prosecutor again referred to the identification made by Miss Marts and stated that her identification at that time sealed her own fate, causing an indictment to be issued against her. The inference was that she must have been telling the truth when she identified appellant because she did so knowing that it would result in her own indictment.

Although appellant did not object to the argument when made, he made a motion for mistrial stating the following ground:

"To refer to the fact that her identification of these two photographs, when the court knows that it was suggestive, itself, and it—and how these two photographs were shown to Lee Ann Marts, on the 14th, . . . to state to the jury, on closing argument, that this sealed her indictment in this case is highly inflammatory and highly prejudicial to my client."

■ Appellant's claim that the argument in question constituted an improper personal opinion of the prosecutor was never presented to the trial court and therefore cannot be considered by us. His other contentions, that the argument was based on speculation and was prejudicial, are without merit. The prosecutor's argument that Miss Marts' identification "sealed her own indictment" is a fair comment on the evidence.

■ In his final argument, the prosecutor, referring to the identification of appellant's pubic hairs by an expert witness, stated:

"And it was one of the clearest matches that he'd made, having done hundreds of thousands."

Again, no objection was interposed at the time the argument was made. However, in his motion for mistrial at the end of the prosecutor's summation, appellant stated that the prosecutor had misquoted the evidence by saying that the match of the pubic hairs was *the* clearest match out of hundreds of thousands that were done. We believe the trial court was correct in denying a mistrial on this ground since the prosecuting attorney did not make the statement that appellant claims he made.

The last argument of the prosecutor that appellant claims calls for a mistrial was made in the prosecutor's closing statements to the jury, after appellant had presented his summation. The argument concerned what would happen to Miss Marts if she had perjured herself on the witness stand. When the remark was made, appellant moved for a mistrial, but the trial court treated the motion as an objection, sustained it and instructed the jury to disregard the argument. The trial court gave appellant leave to make a record on him motion at a later time. When the time came to make this record, appellant withdrew his motion. Therefore, he cannot now claim that the trial court erred in denying his motion for mistrial.

Otis Rogers was called as a witness for the state and was cross-examined by the appellant. He was not excused after testifying. Later during the trial, appellant wanted to call Rogers to testify in his case-in-chief. On August 10, when it came to the attention of counsel in court that Rogers could not be located, a bench warrant was issued for his arrest. On August 14, Rogers still could not be located. The trial court refused to grant a continuance in order to secure his attendance. The appellant contends that the trial court erred and abused its discretion in failing to grant the continuance. We do not agree. A motion for continuance is not granted as a matter of right. The matter is solely within the sound discretion of the trial judge, whose decision will not be disturbed unless there is a clear abuse of discretion and a showing that denial of the motion was prejudicial to the defendant. *State v. Jackson*, 112 Ariz.

149, 539 P.2d 906 (1975). Appellant has failed to show us how he has been prejudiced by the failure to grant this continuance.

Appellant contends that the conviction for armed kidnap, kidnap for rape and kidnap for robbery constituted double punishment in violation of A.R.S. Sec. 13–1641.

When appellant took each girl at gunpoint into a room and raped her, this constituted kidnap for rape. When he forced them into the car, this constituted armed kidnap. We are unable to find, however, any separate specific acts that would constitute kidnapping for robbery. The state suggests that when appellant ordered the victims at gunpoint to sit on the floor and empty their purses, he committed kidnap for robbery. The essence of kidnapping is the unlawful compulsion to go somewhere against the victim's will. *State v. Williams*, 111 Ariz. 222, 526 P.2d 1244 (1974); *State v. Perry*, 116 Ariz. 40, 567 P.2d 786 (App.1977). There was no evidence of any transportation, even for a slight distance, for the purpose of robbery. Therefore, appellant's conviction for this crime will be vacated.

Prior to trial, appellant and the state stipulated that one of the victims, Laura, had become incompetent, that the state would not call her as a witness, and that the defendant waived any right to cross-examine her. At trial Detective Jorgenson was permitted to testify, over appellant's objections, as to what Laura had told him concerning appellant's appearance while she was making a composite picture of him, and to the fact that Laura identified appellant as one of the intruders. Appellant contends the testimony was inadmissible hearsay. The state contends that the testimony was admissible as an exception under Rule 804, Arizona Rules of Evidence, since the declarant, Laura, was unavailable as a witness. In particular, the state claims that the testimony was admissible under Rule 804(b)(5) as a statement not specifically covered but having equivalent circumstantial guarantees of trustworthiness. We do not agree. The hearsay exceptions under Rule 804 are former testi-

mony, statements under belief of impending death, statements against interest and statements of personal or family history. In *State v. Hughes*, 120 Ariz. 120, 584 P.2d 584 (App.1978), we discussed Rule 804(b)(5) and its relationship to the exceptions set forth in 804(b)(1) through (4). It is clear that Laura's statements to Detective Jorgenson do not have equivalent circumstantial guarantees of trustworthiness and they were not admissible as an exception to the hearsay rule.[1] However, we do not believe that the wrongful admission of this evidence mandates reversal. The other victims positively identified appellant, his pubic hairs were found on the victims and the composite drawings made by all three victims were strikingly similar. The error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Miss Marts testified that appellant was called, in her presence, by the nickname "Hubcap". In order to corroborate this testimony, the state called two narcotics officers from Colorado who testified that they knew appellant by the name of "Hubcap". Upon instructions from the court, they were very careful not to disclose that they were narcotics officers.

Appellant claims that allowing this testimony denied him a fair trial for several reasons: the existence of the witnesses was not disclosed to him in time; he was precluded from effective cross-examination because such cross-examination would have disclosed that the witnesses were narcotics officers, and, finally, he was not given sufficient time to investigate their reputation. We do not agree. While appellant did not receive the sanctions that he sought, preclusion of testimony or a lengthy continuance, he was given a chance to interview the officers on a one-day continuance and several days elapsed between notice of their existence and their testifying. Furthermore, the fact that an effective cross-examination would have revealed that the witnesses were narcotics agents did not deny appellant his right to cross-examine them.

■ Appellant's final contention is that the trial court erred when it did not allow him to introduce into evidence photographs showing Miss Marts in the nude engaged in oral sex with one of the victims. Miss Marts testified that such an incident had occurred and that pictures were taken. The actual pictures themselves added nothing to this testimony.

The judgment and sentence on Count Five, kidnapping for robbery, are vacated and set aside. Since there was no authority for the trial court to sentence the defendant to the custody of the Arizona Department of Corrections, the sentences are modified to show that the defendant be incarcerated in the Arizona State Prison for the terms set forth by the trial court. The judgment and sentences, as modified, are affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.

---

1. See Rule 801(d)(1) as to the admissibility of an identification made by a declarant who testifies at the trial and is subject to cross-examination.