NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROCKNEY W. MARTINEAU, *Appellant.*

No. 1 CA-CR 17-0687
FILED 3-26-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-001315-002
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1          Rockney W. Martineau timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of attempted fraudulent schemes and artifices, illegally conducting an enterprise, and forgery. Martineau's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Martineau filed a supplemental brief. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Martineau's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2          On February 22, 2016, Martineau was charged with count 1, attempted fraudulent schemes and artifices, a class three felony in violation of Arizona Revised Statutes ("A.R.S.") section 13-2310; count 2, illegally conducting an enterprise, a class three felony in violation of A.R.S. § 13-2312; and count 3, forgery, a class four felony in violation of A.R.S. § 13-2002.

¶3          Martineau's jury trial commenced on April 25, 2017. The evidence presented at trial, viewed in the light most favorable to sustaining the convictions, *see State v. Kiper*, 181 Ariz. 62, 64 (App. 1994), is as follows: Martineau attempted to record with the Maricopa County Recorder a fraudulent quitclaim deed to real property located at 2228 East Jaeger, Mesa, Arizona.

¶4          On approximately December 10, 2015, Martineau filed a fraudulent quitclaim deed with the Maricopa County Recorder. The deed indicated that a property owned by Richard Shroyer, located at 2228 East Jaeger, Mesa, Arizona, was quitclaimed to Jason Bullard. Attached to the deed was a check from Martineau's personal bank account for filing fees. Recorder's Office employees were alerted by the deed because it was

unusual; it contained unordinary punctuation, listed witnesses and personal property, the signature was not notarized, and the deed appeared to have been written in pencil. A Recorder's Office employee, LeeAnn Wade, contacted the Arizona Attorney General's Office and Mesa Police Department after she saw the deed. Wade was aware of prior fraudulent conduct by Martineau. Afterwards, Martineau filed a notice of claim against Wade, contending that Wade made a false police report and did not know Arizona law. A Mesa detective investigated and interviewed the actual owner of the property, Marilyn Stromsness, who purchased her home in 2012 and had not quitclaimed her home to anyone; nor had she heard of Martineau.

¶5        Martineau coordinated with Jason Bullard, who was incarcerated in Maricopa County Jail. Mesa Police reviewed recorded jail phone calls between Bullard and Martineau, in which they discussed filing the quitclaim deed.

¶6        The State moved to admit evidence of Martineau's prior acts under Arizona Rule of Evidence ("Rule") 404(b). The State argued that Martineau was involved in numerous similar scams wherein Martineau allegedly worked with Bullard to file fraudulent deeds and lawsuits while Bullard was in prison. The State argued the prior acts were relevant to prove motive, intent, preparation, plan, and absence of mistake. Martineau objected, arguing the evidence of prior acts would be unduly prejudicial and the evidence was insufficient to show a common plan. The superior court granted the State's motion, allowing evidence related to dealings with two other residences. In that prior case, Martineau pled no contest to attempted fraudulent schemes and artifices, and fraudulent schemes and artifices, where the factual bases included that the quitclaim deeds were fraudulent.

¶7        Before trial, Martineau filed numerous *pro per* pleadings, even though he was represented by an attorney. He also filed multiple pleadings requesting to represent himself. The superior court struck his filings because Martineau was "not authorized to file them, and . . . they [were] not meritorious." The superior court denied Martineau's further requests to represent himself because his requests were equivocal. On one such occasion, in October 2016, Martineau unsuccessfully requested to represent himself, and the court advised the parties that the court would not delay the start of trial even if Martineau eventually successfully waived his right to counsel.

**¶8**       A few months later, Martineau successfully completed his waiver of counsel after a colloquy with the superior court.  On the first day of trial, Martineau asked the court for a time extension, claiming to "have about eight witnesses and several documents that are very important for . . . my exoneration."  The court denied Martineau's motion to continue, finding he failed to show good cause for failing to obtain or disclose documents or witnesses sooner.  Finally, Martineau gave up the right to represent himself and was represented by counsel throughout the trial.

**¶9**       The jury found Martineau guilty of the three charges identified above, and the jury found as aggravating factors that Martineau committed all three counts while on probation for a felony offense, that he committed the offenses as consideration for, in receipt of, or in the expectation of the receipt of anything of pecuniary value, the offense involved the presence of an accomplice, and the victim was 65 years of age or older, or disabled.  The court sentenced Martineau to the Department of Corrections for thirteen years for counts 1 and 2, and eleven years for count 3, to run concurrently with one another.

**¶10**       Martineau timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

I.    Issues Raised by Martineau

**¶11**       Martineau argues the superior court erred by allowing the State to admit evidence showing Martineau allegedly filed fraudulent deeds as to two other residences and lawsuits in coordination with Bullard. We disagree.  The superior court allowed the admission of these prior acts under Rule 404(b).  The court explained that the evidence was properly offered to prove that Martineau fraudulently, not mistakenly, attempted to file a quitclaim deed in this case.  The superior court's characterization of the evidence is supported by the record.  Furthermore, the court gave the jury limiting instructions as to Martineau's "other acts."  Thus, the superior court did not abuse its discretion in admitting this evidence.

**¶12**       Martineau next argues the superior court erred by refusing to grant his request for a continuance.  Months before trial, the court told Martineau that if he completed a sufficient waiver of counsel, the court expected Martineau to be prepared for trial to go forward as scheduled.  A few days before trial, Martineau's request to represent himself was granted. However, on the first day of trial, Martineau asked the court for a

4

continuance, claiming to "have about eight witnesses and several documents that are very important for . . . my exoneration." When the court asked Martineau why he did not earlier bring this evidence to his attorney's attention, Martineau explained, "I just became pro per, of course." The superior court found no good cause for Martineau's failure to obtain or disclose documents or witnesses sooner and denied the motion to continue.

¶13        The decision to grant a motion for continuance falls within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion that is demonstrably prejudicial to the defendant. *State v. Jackson*, 112 Ariz. 149, 154 (1975). Here, the record shows the superior court warned Martineau months before trial that Martineau would need to be ready to represent himself at the scheduled trial date if he successfully waived his right to counsel. It cannot be said, on this record, that the denying of the continuance constituted an abuse of discretion. Moreover, Martineau has not shown he was prejudiced.

¶14        Finally, Martineau argues that he should have received nineteen months of presentence incarceration credit. Martineau received 1,078 days of credit for time served related to a separate probation matter. The probation was revoked. The court ordered that his sentences for these convictions run concurrently with each other, but consecutively to the sentence in the prior matter. Accordingly, the superior court did not err.

II.    Other Matters

¶15        The record reflects Martineau received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings.

¶16        The court held an evidentiary hearing and heard oral argument. The State argued to admit evidence of Martineau's similar acts concerning two other real properties in Arizona under Rule 404(b). The court found that the evidence of two prior attempts to file fraudulent quitclaim deeds was offered for proper, non-character purposes under Rule 404(b).

¶17        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of thirteen members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report,

addressed its contents during the sentencing hearing, and imposed legal sentences for the crimes of which Martineau was convicted.

## CONCLUSION

**¶18** We have reviewed the entire record for reversible error and find none. We therefore affirm Martineau's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶19** Defense counsel's obligations pertaining to Martineau's representation in this appeal have ended. Counsel need do no more than inform Martineau of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Martineau has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration or a petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA